**NEW BETHLEHEM VOLUNTEER FIRE COMPANY and The PMA Group, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (KEMP), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 1994.

Decided Jan. 31, 1995.

Robert G. Rose, for petitioners.

Daniel K. Bricmont, for respondent.

Before COLINS, President Judge, NEWMAN, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

New Bethlehem Volunteer Fire Company and the PMA Group (collectively New Bethlehem) petition for review of an order of the Workmen's Compensation Appeal Board (Board) which reversed a workers' compensation referee's dismissal of Daniel Kemp's (Kemp) petition for penalty (petition) under the Workers' Compensation Act (Act).[1] For the reasons set forth herein, we reverse the Board's decision.

The facts in this case are undisputed and summarized as follows. Kemp sustained a disabling injury on September 14, 1991 during the course of his duties as a volunteer fireman[2] with New Bethlehem. At the time of his injury, Kemp was an employee of Ti-

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

2. A volunteer fireman, by nature of the position's title, earns no wages for performance of duties. The legislature, taking into account the nature of the position, enacted Section 601 of the Act to ensure that those partaking in this laudable and selfless profession are entitled at minimum to the presumed statewide average weekly wage. See 77 P.S. § 1031.

Brook, Inc., a local manufacturing company, with an average weekly wage of $426.93. Pursuant to a notice of compensation payable dated October 15, 1991 Kemp received total disability benefits of $290.67 per week.[3] Kemp then filed this petition on April 13, 1992, seeking to increase his disability benefits based on an average weekly wage of $862.93.[4]

After a hearing at which both parties were represented by counsel and presented evidence, the referee entered findings of fact and conclusions of law denying Kemp's petition. In denying Kemp's petition, the referee interpreted Section 601 of the Act[5] as establishing a floor to guarantee that volunteer firemen injured in the line of duty would receive, at minimum, weekly disability benefits equivalent to the average worker in the Commonwealth.

On appeal to the Board, Kemp argued that the referee erred as a matter of law in calculating the correct average weekly wage, because reading Section 601 in tandem with Section 309(e)[6] of the Act requires adding the wages earned at Ti–Brook to the Section 601 presumption of wages. On April 4, 1994 the Board entered an order reversing the referee's decision. The Board reasoned that since there was no appellate authority to the contrary, it was constrained to read Section 601 in tandem with Section 309(e). By reading the two sections together, the Board concluded that Kemp is entitled to benefits according to a weekly wage calculation of the sum of the Statewide Average Weekly Wage pursuant to Section 601 of the Act and Kemp's average weekly wage from his employment with Ti–Brook. This petition for review followed.

New Bethlehem raises one issue for this Court's consideration: whether Sections 601 and 309(e) of the Act permit a volunteer fireman to aggregate the minimum presumed average weekly wage under Section 601 with his *actual* wage, as if he had concurrent employment so as to increase his average weekly wage, and resulting in the payment of higher benefits. Kemp argues that as a matter of law, a claimant who is injured in the scope of his duties as a volunteer fireman is entitled to an average weekly wage which is calculated to include the presumed Average Weekly Wage pursuant to Section 601 of the Act, and the concurrent average weekly wage of the claimant's employment with a separate employer pursuant to Section 309(e) of the Act.

When addressing a petition for review of a Board decision, this Court's scope of review is limited to determining whether claimant's constitutional rights were violated, an error of law was committed, or the findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988), *appeal after remand on other grounds*, 143 Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991).

Preliminarily, we note that contrary to the Board's reasoning, the Superior Court of Pennsylvania decided a similar issue in *Hartmann v. Commissioners of Abington Township*, 165 Pa. Superior Ct. 316, 67 A.2d 785 (1949), which now provides us with guidance. In *Hartmann*, a self-employed individual was injured in the scope of his duties as a volunteer fireman. That court, addressing the issue of concurrent employment and volunteer firemen stated:

---

**3.** This figure was based upon the 1991 Statewide Average Weekly Wage of $436.00. Under Section 601 of the Act, when a volunteer fireman injured in the course of his/her duties as a volunteer fireman has an average weekly wage less than the Statewide Average Weekly Wage, he/she is entitled to benefits based on the Statewide Average Weekly Wage. 77 P.S. § 1031. In this case, Kemp's average weekly wage was less than the Statewide Average Weekly Wage when he was injured while performing as a volunteer fireman. Thus, the Act entitled Kemp to receive benefits based on the Statewide Average Weekly Wage.

**4.** This figure was reached by aggregating Kemp's average weekly wage at Ti–Brook and the Statewide Average Weekly Wage established for volunteer firemen under Section 601 of the Act under a theory of concurrent employment.

**5.** 77 P.S. § 1031.

**6.** 77 P.S. § 582(e) (addressing payment of workers' compensation benefits in cases of concurrent employment).

Section 309 of the Act, 77 P.S. § 582, provided that all 'wages' earned under concurrent contracts with two or more employers shall be considered as if earned from the employer liable for compensation. This has been utilized where a claimant volunteer fireman earned wages from some other employer. This is fictitious, for a thing can only 'concur' with *another* thing. Thus, there can be no "concurrent" wages where only one wage is earned, and *nothing* (the unpaid services of a volunteer fireman) is added.

*Id.* at 318, 67 A.2d at 786 (emphasis in original).

In the case *sub judice,* each party argues an exactly inapposite interpretation of the above mentioned provisions of the Act. Therefore, our analysis is based on statutory interpretation and the Statutory Construction Act of 1972.[7]

Section 1921 of the Statutory Construction Act dictates:

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequence of a particular interpretation.

(7) The contemporaneous legislative history.

(8) legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921. Section 601 of the Workers' Compensation Act provides, in pertinent part:

(a) In addition to those persons included within the definition of the word "employe" as defined in section 104, "employe" shall include:

(1) members of volunteer fire departments or volunteer fire companies, ... while actively engaged as firemen....

. . . .

(b) In all cases where an injury which is compensable under the terms of this act is received by an employe as defined in this section, there is an irrebuttable presumption that his *wages shall be at least equal to the Statewide average weekly wage* for the purpose of computing his compensation....

77 P.S. § 1031 (emphasis added).

The statutory language is clear that this section applies only to volunteer firemen, injured in the scope of his/her duties. Further, the language is equally explicit that this section does nothing more than create an irrebuttable presumption that any volunteer fireman, injured in the line of duty as a volunteer fireman, is guaranteed to receive *at minimum* the statutory minimum wage. Therefore, the Statutory Construction Act confines us to the words of the statute, and no outside material may be used in interpreting the statute.

Section 1933 of the Statutory Construction Act[8] dictates that where there are two statu-

---

7. 1 Pa.C.S. §§ 1501–1991.

8. Section 1933 directs that:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two

provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provisions unless the general provision shall be enacted later *and* it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933 (emphasis added).

tory provisions in conflict with each other, and this conflict is irreconcilable, the specific provision controls over the general provision. *Paxon Maymar, Inc. v. Pennsylvania Liquor Control Board,* 11 Pa.Commonwealth Ct. 136, 312 A.2d 115 (1973). In reviewing Sections 309(e) and 601, it is clear that Section 309(e) is of general applicability, while Section 601 is of special and distinct applicability. Accordingly, we must determine whether a reading of the two sections together is possible, or if the two are irreconcilable.

The Board concluded that according to Section 309(e) of the Worker's Compensation Act, an injured volunteer fireman is entitled to aggregate the average weekly wage earned from regular, gainful employment with the statutorily mandated compensation available under Section 601. As we have determined above, the statutory language clearly establishes that Section 601 mandates that a volunteer fireman injured in the scope of his duties would receive *at minimum* the average weekly wage. Section 309(e) of the Act provides in pertinent part:

> Where the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation.

. . . .

77 P.S. § 582(e).

The Statutory Construction Act directs that when a court is attempting to interpret legislation, there is a presumption that the legislature did not intend a result that is absurd, impossible of execution, or unreasonable. *Doyle Equipment Company v. Commonwealth,* 117 Pa.Commonwealth Ct. 38, 542 A.2d 644 (1988); 1 Pa.C.S. § 1922(1). In accord with *Hartmann,* reading Sections 601 and 309(e) to allow a volunteer fireman to receive worker's compensation benefits based on the presumed weekly wage for a job that he does not get paid for, while at the same time receive benefits based on the salary from his paying job is unreasonable, if not absurd. Therefore, we hold that the two statutes are irreconcilable. Accordingly, Section 309(e) states the general rule of ag-

gregation, but Section 601 states an exception to that rule, as a person who performs the task of volunteer fire fighting as well as working a primary job is not in a concurrent employment situation.

It is apparent that the legislative intent of Section 601 is that should a volunteer fireman, who is injured in the line of duty, not otherwise be entitled to benefits or only entitled to an amount less than the presumed average weekly wage, the statute ensures that he/she does not receive workers' compensation benefits in an amount less than the statewide average.

Therefore, the Board erred as a matter of law in reversing the referee. Accordingly, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

Senior Judge Silvestri concurs in the result only.

### ORDER

AND NOW, this 31st day of January, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.