**Edward J. SNYDER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (TOWNSHIP OF INDIANA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 10, 1994.

Decided Feb. 7, 1995.

Daniel K. Bricmont, for petitioner.

C. Robet Keenan III, for respondent.

Before COLINS, President Judge, NEWMAN, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

Edward J. Snyder (Snyder) petitions for review of a May 24, 1994 order of the Workmen's Compensation Appeal Board (Board), reversing the referee's calculation of Snyder's average weekly wage. We affirm.

Snyder was injured on June 24, 1990 while performing his duties as a volunteer fire fighter for Indiana Township (Township). Snyder received compensation equivalent to the statewide average weekly wage according to Section 601 of the Workers' Compensation Act[1] (Act). Snyder then filed a petition for review averring that his wages as a full-time truck driver should have been included in the calculation under Section 309(e) of the Act.[2] The referee concluded that Snyder was entitled to inclusion of his wages as a truck driver. The referee reasoned that because Section 601(b) entitles a volunteer fire fighter to "at least" the statewide average weekly wage, benefits should not be limited to the statewide average where concurrent employment exists. The Township appealed, and

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1031. Section 601(a) of the Act provides that the definition of employee for the purposes of the Act includes volunteer fire fighters. Section 601(b) provides that in cases of compensable injury to employees as defined in subsection (a) (i.e., fire fighters, among others), "there is an irrebuttable presumption that his wages shall be at least equal to the Statewide average weekly wage for the purpose of computing his compensation...." 77 P.S. § 1031(b).

2. "Where the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation." 77 P.S. § 582(e).

the Board reversed. The Board concluded that the intention of Section 601 is to fairly compensate a volunteer fire fighter with a lower paying (i.e., lower than the statewide average) "regular" job and that Snyder's wages from truck driving are not to be included as wages from concurrent employment.

■ Our review on appeal is limited to determining violations of constitutional rights, errors of law, and whether the referee's findings are adequately supported by substantial, competent evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). The sole question before us is whether a claimant injured while performing the duties of a volunteer fire fighter may collect benefits equal to the sum of the statewide average weekly wage and his wage from other employment.

■ We recently addressed this issue in *New Bethlehem Volunteer Fire Company v. Workmen's Compensation Appeal Board (Kemp)*, —— Pa.Commonwealth Ct. ——, 654 A.2d 267 (1995) and concluded that a volunteer fire fighter who also holds compensated employment is not in a concurrent employment situation. *New Bethlehem* makes it clear that the intent of Section 601 is to ensure that a volunteer fire fighter does not receive less than the statewide average weekly wage.

Before he became disabled, Snyder earned a single wage as a truck driver; Snyder was not working under concurrent contracts with concurrent wages. *Hartmann v. Commissioners*, 165 Pa.Superior Ct. 316, 318, 67 A.2d 785, 786 (1949). Accordingly, Snyder is entitled only to the statewide weekly wage and not a combination of the statewide average and his wage from truck driving.

### *ORDER*

AND NOW, this 7th day of February, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.