**BOROUGH OF HONESDALE,**
Petitioner,

v.

**WORKMEN'S COMPENSATION
APPEAL BOARD (MARTIN),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 2, 1994.
Decided May 17, 1995.

---

Matthew D. Dempsey, for petitioner.

Michael J. Foley, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

The Borough of Honesdale (Borough) and the State Worker's Insurance Fund appeal an order of the Workmen's Compensation Appeal Board which affirmed the decision of a referee [1] dismissing the Borough's petition to review the calculation of Daniel Martin's (Claimant) average weekly wage.

Claimant suffered a heart attack on November 28, 1990, while performing his duties as a member of the Borough's Volunteer Ambulance Corps. Under Section 601(a)(2) of the Act, 77 P.S. § 1031(a)(2),[2] Claimant was deemed to be an "employee" entitled to receive workers' compensation benefits even though he was serving as a volunteer at the time of his injury. As a volunteer ambulance corps member, Claimant had no income from that position, but was entitled to "an irrebuttable presumption that his wages [were] at least equal to the Statewide average weekly wage for the purpose of computing his compensation under Sections 306 and 307." Section 601(b) of the Act, 77 P.S. § 1031(b) (emphasis added) (footnote omitted). Based solely on his position as a volunteer, Claimant thereby became eligible for benefits in the amount of $279.33. However, because of self-employment earnings from his family business, Claimant's income was actually greater than the statewide average weekly wage, and, in fact, that income itself exceed-

---

**1.** Referees are now called Workers' Compensation Judges under the 1993 amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 701. *See* Section 14 of the Act of July 2, 1993, P.L. 190 (Act 44). However, since this case was before the referee prior to the effective date of the amendments, August 31, 1993, we will refer to the referee as such and not as a Workers' Compensation Judge.

**2.** Section 601(a)(2) states:
all members of volunteer ambulance corps of the various municipalities who shall be and are hereby declared to be employes of such municipality for the purposes of this act who shall be entitled to receive compensation in the case of

injuries received while actually engaged as ambulance corpsmen or while going to or returning from any fire, accident, or other emergency which such volunteer ambulance corps shall attend including travel from and the direct return to a corpsman's home, place of business or other place where he shall have been when he received the call or alarm ... or while answering any emergency call for any purpose or while riding in or upon the ambulance apparatus owned by the ambulance corps of which they are members at any time or while performing any other duties of such ambulance corps as are authorized by the municipality.

ed the maximum average weekly wage compensable under the Act.[3] Therefore, based on these earnings and pursuant to a notice of compensation payable dated January 4, 1991, the Borough commenced paying Claimant total disability benefits of $419.00 per week, the maximum amount allowed under the Act.

Over two years later, on January 25, 1993, the Borough filed a petition for review in which it argued that Claimant improperly included self-employment earnings in his calculation of his average weekly wage. At a hearing before Referee William Hall on March 26, 1993, the Borough for the first time also argued that even if Claimant's self-employment earnings had properly been included in his average weekly wage calculation, the Borough should be allowed to subpoena Claimant's records in order to determine if it was entitled to a modification or suspension of benefits. Without taking any evidence, the referee by an order dated May 20, 1993, dismissed the Borough's petition, finding as a matter of law that self-employment income may be used when calculating average weekly wages for volunteer ambulance workers under Section 601 of the Act. He also found that since the Borough had a reasonable opportunity to investigate Claimant's earnings before it issued the notice of compensation payable and admittedly had no evidence concerning Claimant's present earnings, the Borough's request to conduct discovery for the sole purpose of determining whether there was a basis for modifying or suspending benefits must be denied.[4]

The Borough filed a timely appeal with the Board which affirmed the referee's decision by an order dated June 14, 1994. This appeal followed. On appeal, the Borough argues: (1) the referee and Board erred by not allowing it to conduct discovery and present evidence concerning the calculation of Claim-

ant's average weekly wage; and (2) the referee and Board erred by finding that a volunteer ambulance corps member may use self-employment earnings in calculating his average weekly wage under the Act. Claimant, in the conclusion of his brief, requests counsel fees pursuant to Section 440 of the Act, 77 P.S. § 996, and a twenty percent penalty pursuant to Section 435 of the Act, 77 P.S. § 991, for an "unreasonable appeal."

■ The Borough's first argument is that the referee improperly denied it the opportunity to conduct discovery and present evidence. Under Section 418 of the Act, 77 P.S. § 833, the referee "*may* subpoena witnesses, [and] order the production of books and other writings...." (Emphasis added.) Similarly, Section 131.68 of Title 34 of the Pennsylvania Code gives parties the right to inspect records concerning earnings from employment. However, these provisions do not authorize unlimited discovery; discovery requests must be reasonable and relevant to the proceedings before the referee.

■ In the present case, the Borough alleged in its petition for review that the Claimant's self-employment income had been improperly included in the calculation of his average weekly wage. Significantly, the Borough did not raise any factual questions about the amount of that income in its petition for review. The Borough did not assert that Claimant's income figures were inaccurate, but only that they should not have been used to calculate Claimant's average weekly wage. Since the Borough's petition for review raised no factual issues, the referee was confronted with a purely legal question. Under these circumstances, the referee did not abuse his discretion by denying the Borough's request to subpoena employment records and to present evidence.

---

**3.** Under Sections 306 and 309 of the Act, 77 P.S. §§ 511–513, 582, workers' compensation benefits may not exceed the maximum compensation payable. The maximum compensation payable is based on the statewide average weekly wage which is determined annually by the Department of Labor and Industry. Section 105.1–105.2 of the Act, 77 P.S. § 25.1–25.2.

**4.** Referee Hall noted that the Borough had not made any allegations in its petition for review

which would support a suspension or modification of benefits. Furthermore, he stated that a petition for review cannot be used solely as a means for discovery in the hope that it will uncover evidence to support a party's position.

The Borough had also originally sought a subpoena of medical records. However, the referee denied this request since Claimant's medical history was not relevant to the issue of the calculation of Claimant's average weekly wage.

■ Section 413 of the Act, 77 P.S. 771, allows a referee to review a notice of compensation payable if it "was in any material respect incorrect." However, the referee may modify a notice of compensation payable only if a material mistake was made at the time it was issued. *Litton Industries v. Workmen's Compensation Appeal Board (Christner)*, 78 Pa.Commonwealth Ct. 79, 466 A.2d 1114 (1983). Since Claimant's present employment records, if any exist, are not germane to the question of whether a material mistake was made regarding the level of self-employment income when the notice of compensation payable was issued, the referee correctly denied the Borough access to these records.[5]

In regards to the request for Claimant's self-employment records from before his injury, the Borough does not allege that it did not have access to these records before filing the notice of compensation payable. Ordinarily, we might still consider granting the Borough's request for discovery despite its earlier access to these records, but the Borough has not alleged in its petition that the average weekly wage listed on the notice of compensation payable incorrectly reflects Claimant's actual pre-injury earnings from his family business. Rather, the Borough makes the purely legal argument that since these earnings were from self-employment, they should not be included in the calculation of his average weekly wage. Thus, the requested employment records are not relevant to resolving the issue raised by the Borough in its petition for review. For this reason, we find that the referee did not abuse his discretion in refusing to grant the Borough's request.

We now turn to the Borough's second argument. The Borough argues that Claimant's average weekly wage was improperly

calculated since it included earnings from self-employment. In support of its position, the Borough relies on this Court's decision in *Deichler v. Workmen's Compensation Appeal Board (Emhart/True Temper)*, 143 Pa.Commonwealth Ct. 189, 598 A.2d 1030 (1991), *petition for allowance of appeal denied*, 530 Pa. 662, 609 A.2d 169 (1992). The issue in *Deichler* was whether earnings from self-employment qualified as wages from concurrent employment for the purpose of calculating an employee's average weekly wage. We held that since it is logically impossible for a claimant to be both an employer and an employee at the same time, self-employment earnings do not qualify as concurrent **wages** under Section 309(e) of the Act, 77 P.S. § 582(e). Section 309(e) of the Act states in relevant part as follows:

> Where the employe is working under concurrent contracts with two or more employers, his **wages** from all such employers shall be considered as if earned from the employer liable for compensation. (Emphasis added.)

The Borough argues that *Deichler* controls the outcome of the present case. Claimant maintains that *Deichler* is inapplicable to the present case because the case sub judice does not involve concurrent self-employment, but rather involves a volunteer ambulance corps member whose **sole** income was from self-employment. Claimant argues that he is deemed to be an "employee" entitled to workers' compensation benefits based on his status as a volunteer under Section 601 of the Act. He argues that this not only guarantees him a presumption that his average weekly wage is at least equal to the statewide average, but also entitles him to include wages from self-employment in calculating his benefits. In effect, Claimant argues that since he is entitled to workers' compensation

---

**5.** We note that Section 413(a), 77 P.S. § 772, also provides that a notice of compensation payable may be modified, reinstated, suspended or terminated if it is proven that a claimant's disability has decreased, increased, ceased or in some other way changed. *Carmen Paliotta General Construction v. Workmen's Compensation Appeal Board (Tribuzio)*, 107 Pa.Commonwealth Ct. 143, 528 A.2d 274 (1987). Under this provision, events which have occurred after a notice of compensation payable has been issued are rele-

vant. In the case before us, though, the Borough did not allege that Claimant's disability status had changed. Therefore, the Borough's attempts to use discovery to obtain information about his present income are beyond the scope of this case. We recognize that our decision does not prevent the Borough from filing a termination, modification or suspension petition in the future, based on a change in Claimant's disability, if the circumstances so warrant.

benefits based on his *status* as a "volunteer," and not his *status* as an "employee," the question of whether he would otherwise be considered an "employee" is irrelevant for the purpose of calculating his average weekly wage.

Claimant believes it would be absurd to distinguish between traditional employment and self-employment in calculating benefits for volunteer firemen and ambulance workers and contends that the legislature recognized that volunteer fire fighters and ambulance workers must rely on earnings from outside employment to support themselves, and further, did not intend to penalize such volunteers who are self-employed by denying them benefits. Claimant argues that nothing in the Act precludes volunteers from including self-employment earnings in calculating benefits. Furthermore, he argues, the ameliorative and humanitarian purpose underlying the Act require that Section 601 be interpreted broadly. When Section 601 was enacted, it was intended to foster participation in volunteer fire companies by ensuring that volunteer firemen [6] and ambulance workers who are injured while on duty receive compensation. Claimant argues that if volunteer firemen are not allowed to include self-employment earnings in calculating their benefits, then the policy considerations underlying the enactment of Section 601 will be frustrated.

■ Initially, we must agree with Claimant that the precise issue of whether a volunteer ambulance corps member or volunteer fireman can include self-employment earnings in calculating average weekly wages has not previously been addressed by this Court. *Deichler* addressed the issue of whether concurrent self-employment earnings could be included in the calculation of an employee's average weekly wage pursuant to Section 309(e). However, *Deichler* does not directly apply to this case. A volunteer fireman who has outside employment is not actually considered to have concurrent employment for the purposes of Section 309 of the Act, since he or she receives wages from only one employer. The Superior Court in *Hartmann v. Commissioners of Abington Township*, 165 Pa.Superior Ct. 316, 67 A.2d 785 (1949), addressed the correlation between concurrent employment and volunteer firemen as follows:

> Section 309 of the Act, 77 P.S. § 582, provided that all 'wages' earned under concurrent contracts with two or more employers shall be considered as if earned from the employer liable for compensation. This has been utilized where a claimant volunteer fireman earned wages from some other employer. This is fictitious, for a thing can only 'concur' with *another* thing. Thus, there can be no 'concurrent' wages where only one wage is earned, and *nothing* (the unpaid services of a volunteer fireman) is added.

*Id.* at 318, 67 A.2d at 786 (emphasis in original).

The facts in *Hartmann* were analogous to the case *sub judice*. In *Hartmann*, a self-employed roofer was injured while acting in his official capacity as a volunteer fireman. The Superior Court held that he was entitled to compensation benefits based on the amount he would have had to pay someone else to perform his job. In other words, his "wages" from self-employment were the equivalent of what he would have paid himself, or someone else, as an employee. The court found it inconceivable that the legislature could have intended that a self-employed fireman would receive the minimum level of compensation, while an employee of the very same fireman, performing the same job and earning the same wages, would be eligible to receive the maximum level of compensation. In reaching this decision, however, the court was influenced by a 1949 amendment to the Act which spoke to this issue.[7] The 1949 amendment stated in relevant part:

---

**6.** Under Section 601(a)(1), 77 P.S. § 1031(a)(1), volunteer firemen are deemed to be "employees" for purposes of the Workers' Compensation Act. This provision mirrors the language covering volunteer ambulance corps members found in Section 601(a)(2) of the Act.

**7.** The 1949 amendment did not control the outcome in *Hartmann* since the claimant's injury occurred prior to its enactment. Nevertheless, the court found the legislature's action to be persuasive.

The city, borough, incorporated town or township as employer shall, in all cases, be deemed to have knowledge of all other employment of all members of its volunteer fire companies or volunteer fire departments, including self employment, and shall be liable for compensation on account of all wages and earnings resulting therefrom. *In all cases where an injury compensable under the provisions of this act is received by a member of a volunteer fire company or volunteer fire department who is in whole or in part a self employer, and loss of earnings results therefrom, such earnings shall, for the purposes of this act, be regarded as wages....*

Act of April 18, 1949, P.L. 507, *as amended, formerly* 77 P.S. § 22a, **repealed** by the Act of December 5, 1974, P.L. 782.

If this amendment had not been repealed in 1974, we would summarily dismiss the Borough's argument. Instead, we must examine the Borough's position in light of the 1974 changes to the Act and rules of statutory construction. Section 1921(c) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c) provides:

When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) *The former law, if any, including other statutes upon the same or similar subjects.*

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

(Emphasis added.) The 1949 amendment to the Workers' Compensation Act included language which clearly stated that self-employed firemen were entitled to have their self-employment earnings treated as wages for the purpose of determining compensation benefits under the Act. However, when the legislature enacted Section 601 of the Act in 1974, the language of the 1949 amendment, which had provided for the inclusion of self-employment earnings in the calculation of benefits, was deleted.

When the legislature deletes statutory language, we must presume that it intended to make that language inoperative. *Deremer v. Workmen's Compensation Appeal Board,* 61 Pa.Commonwealth Ct. 415, 433 A.2d 926 (1981). In addition, the omission of any language in Section 601 entitling self-employed volunteer firemen or ambulance workers to include their self-employment earnings in calculating benefits indicates a legislative intent to deny them from doing so. Although we are sympathetic towards the plight of self-employed volunteer firemen who are injured while serving the public interest, this Court cannot expand the benefits Claimant is entitled to beyond the limits set by the legislature. We must therefore hold that Claimant is not entitled to include self-employment earnings in his calculation of benefits under Section 601 of the Act.

This conclusion is supported by an examination of the term "wages" and whether Claimant's earnings qualify as such under the Act. If these earnings are not "wages," then they would not be properly included in calculating Claimant's average weekly wage pursuant to Section 309 of the Act, 77 P.S. § 582. *See Lane Enterprises, Inc. v. Workmen's Compensation Appeal Board (Patton),* 150 Pa.Commonwealth Ct. 395, 615 A.2d 975 (1992), *rev'd on other grounds,* 537 Pa. 426, 644 A.2d 726 (1994). Since the term "wages" is not defined under the Act, we must construe its meaning based on the rules of grammar and its common and approved usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). The term "wage" is defined by Webster's Third International Dictionary 2568 (16th ed. 1986) as follows:

1a: a pledge or payment of usually monetary remuneration by an *employer* especially for labor or services usually according to contract and on an hourly, daily, or

piecework basis and often including bonuses, commissions, and amounts paid by the employer for insurance, pension, hospitalization, and other benefits.... (Emphasis added.)

In *Deichler,* we said that "one cannot logically be an employee of himself and thus occupy the anomalous position of both employer and employee as defined by the Act." *Deichler,* 143 Pa.Commonwealth Ct. at 191, 598 A.2d at 1031. Since "wages" are paid to an employee by an employer, it is likewise impossible to receive "wages" if one is self-employed. Therefore, Claimant's self-employment earnings do not qualify as "wages" under the Act and cannot be used in calculating his average weekly wage.

Claimant argues that by denying him benefits based on his self-employment earnings, we will in effect penalize him for being a self-employed volunteer ambulance corps member. This, though, is simply not true. Claimant is still deemed to be an employee of the Borough and is entitled to a presumption that his average weekly wage equals the statewide average. Based on this, he is entitled to benefits of $279.33 per week. This puts him in a substantially better position than other self-employed workers who are normally not entitled to any benefits.

Claimant would have this Court find him to be an "employee" for all purposes under the Act, and as such, entitled to receive benefits based on his self-employment earnings. However, Section 601(a) of the Act states that volunteer firemen and ambulance corps members will be deemed to be employees of the *municipality* for which they are so engaged; it does not state or imply that volunteer firemen or ambulance corps members should be considered employees of any other employer, unless otherwise authorized under the Act. Therefore, although Claimant is entitled to enjoy the status of an employee of the Borough as a volunteer ambulance corps member, Section 601 of the Act does not abrogate the rule that prohibits one from being an employee of oneself or from receiving benefits based on earnings from self-employment.[8]

■ We also reject Claimant's request for attorney's fees under Section 440 of the Act and a twenty percent penalty under Section 435 of the Act for an unreasonable contest. Claimant never made this request or argument before the referee or the Board, and we, therefore, find that Claimant's request has been waived.[9] *Mediq, Inc. v. Workmen's Compensation Appeal Board (Steskal),* 159 Pa.Commonwealth Ct. 1, 633 A.2d 651 (1993).

Accordingly, we reverse the order of the Board and remand the case back to the Board for a recalculation of Claimant's average weekly wage and his weekly benefit rate.

### ORDER

NOW, May 17, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby re-

---

8. We note that the result we reach here is in accord with this Court's recent determination that a claimant who is a member of a volunteer fire company or ambulance corps, and has wages as an employee of a second employer, may not add those "concurrent wages" to the statewide average weekly wage for the purpose of calculating his worker's compensation benefits. *Snyder v. Workmen's Compensation Appeal Board (Township of Indiana),* —— Pa.Commonwealth Ct. ——, 654 A.2d 641 (1995); *New Bethlehem Volunteer Fire Company v. Workmen's Compensation Appeal Board (Kemp),* —— Pa.Commonwealth Ct. ——, 654 A.2d 267 (1995). Although such a claimant would be entitled to use the wages from the second employer if those wages exceeded the statewide average weekly wage, a volunteer claimant under Section 601 of the Act may not add the two figures together. *Snyder; New Bethlehem.* In this regard, volunteer firemen and ambulance workers are treated differently from other claimants who are permitted to add their concurrent wages for the purpose of calculating their average weekly wage under Section 309(e) of the Act, 77 P.S. § 582(e), up to the amount which would secure for them the greatest maximum benefit, that is, benefits which equal the statewide average weekly wage.

9. We note that a litigant who seeks attorney's fees for costs on appeal may properly request them under Pa.R.A.P. 2744. *See Mercy Catholic Medical Center v. Workmen's Compensation Appeal Board (Fry),* 114 Pa.Commonwealth Ct. 218, 538 A.2d 636 (1988). However, Claimant did not do so in this case. Of course, since we are ruling in favor of the Borough, we would deny Claimant's request even if it were properly raised. Obviously, the Borough's appeal cannot be frivolous when it has been decided in its favor.

versed and this case is remanded for a recalculation of Claimant's (Daniel Martin) average weekly wage and modification of Claimant's benefits in accordance with this opinion.

Jurisdiction relinquished.