**ZIPPO MANUFACTURING COMPANY, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LOUSER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 28, 2001.
Decided Feb. 12, 2002.

---

Bruce L. Decker, Jr., Erie, for petitioner.

Joseph B. Steele, Erie, for respondent.

Before PELLEGRINI, Judge,
FRIEDMAN, Judge, FLAHERTY, Senior
Judge.

FRIEDMAN, Judge.

Zippo Manufacturing Company (Employer) petitions for review of the August 23, 2001 order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) to grant, in part, a petition to review compensation benefits (Review Petition) filed by Sherry Louser (Claimant). We reverse and remand.

On March 29, 1994, Employer issued a Notice of Compensation Payable (NCP) indicating that, on February 24, 1994, Claimant sustained a work-related injury to her right pinky finger and left ring finger while working as a hand buffer. The NCP described the injury as "trigger finger right pinky finger and cyst left ring finger." Claimant continued to work as a hand buffer, except for time off to have two surgeries on her right pinky finger. When Claimant's problems at work persisted after the surgeries, Employer moved Claimant to a job filling gift tins. (WCJ's Findings of Fact, Nos. 2, 11(a), 11(b).)

On March 13, 1995, Claimant had right carpal tunnel surgery. Upon her return to work after this surgery, Employer gave Claimant a job in its fabrication department. When the fabrication job caused problems for Claimant, Employer assigned Claimant to a job in battery pack assembly. (WCJ's Findings of Fact, Nos. 3, 11(b).)

On September 5, 1996, Claimant went on maternity leave. Upon her return to work, on February 24, 1997, Employer gave her a light duty job in the advertising department, placing stickers on Zippo catalogs. On June 9, 1997, Claimant underwent left carpal tunnel and wrist fusion surgery, and she has not worked since that date. On June 9, 1998, Employer terminated Claimant's employment because she had been off work for more than a year. (WCJ's Findings of Fact, No. 11(b).)

On September 29, 1998, Claimant filed her Review Petition, alleging that the description of her work injury in the NCP was incorrect because it did not include bilateral carpal tunnel and injuries to her wrists, hands and arms. Employer denied the allegation and asserted that the claim of new injuries was time barred. (WCJ's Findings of Fact, No. 1.)

At hearings before a WCJ, Claimant testified on her own behalf and presented the deposition testimony of John D. Lubahn, M.D. Dr. Lubahn opined that Claimant's work as a hand buffer caused her to suffer from flexor tendonitis/ trigger finger, bilateral carpal tunnel, scapholunate ligament tear/instability, and posterior interosseous nerve syndrome accompanied by lateral epicondylitis of the right elbow. However, Dr. Lubahn did not begin treating Claimant until April 11, 1997, and the doctor was not aware of Claimant's specific job duties as a hand buffer or her job duties in her other work positions. (WCJ's Findings of Fact, Nos. 3, 4, 11(c).)

Employer presented the deposition testimony of Trenton Gause, M.D., who stated that there was nothing wrong with Claimant and that she was over-dramatizing or magnifying her symptoms. (WCJ's Findings of Fact, Nos. 5, 11(e).) Employer also presented the deposition testimony of Russell Weintraub, M.D., who was the company doctor at the time Claimant sustained her February 24, 1994 work injury. Dr. Weintraub opined that Claimant's work injury was limited to her right hand and wrist and involved right carpal tunnel syndrome, trigger finger of the right pinky and tendonitis of the thenar eminence of the right thumb. (WCJ's Findings of Fact, Nos. 6, 11(d).)

■ After considering the evidence, the WCJ accepted the expert medical testimo-

ny of Dr. Weintraub, rejecting that of Drs. LuBahn and Gause. As a result, the WCJ modified the NCP's description of Claimant's February 24, 1994 work injury to include right carpal tunnel syndrome and tendonitis of the right thumb. Claimant and Employer filed cross-appeals with the WCAB, which affirmed the WCJ's decision. Employer now petitions this court for review.[1]

Employer argues that the WCJ, affirmed by the WCAB, erred in granting Claimant's Review Petition in part. Employer contends that Claimant's Review Petition is, in reality, a Claim Petition alleging new work injuries, and, as such, the petition is barred by the three-year statute of limitations.

■ To begin, we recognize that, in workers' compensation law, the form of a petition is not controlling where the facts warrant relief for a claimant. *Paxos v. Workmen's Compensation Appeal Board (Frankford–Quaker Grocery)*, 158 Pa. Cmwlth. 355, 631 A.2d 826 (1993). If a claimant is entitled to relief under any section of the Workers' Compensation Act (Act),[2] the petition will be considered as filed under that section. *Id.* Our first inquiry, then, is whether the WCJ properly determined that Claimant was entitled to relief under section 413(a) of the Act, 77 P.S. § 771, which governs the filing of a Review Petition.

## I. Review Petition

■ Section 413(a) of the Act, 77 P.S. § 771, provides, in pertinent part, as follows:

A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

This court has held that a WCJ may modify a NCP under this provision *only* if a material mistake was made **at the time the NCP was issued.** *Borough of Honesdale v. Workmen's Compensation Appeal Board (Martin)*, 659 A.2d 70 (Pa.Cmwlth.), *appeal denied*, 543 Pa. 698, 670 A.2d 144 (1995).

Here, Employer issued the NCP describing Claimant's February 24, 1994 work injury on March 29, 1994. Dr. Weintraub, who presented the only credible medical testimony in this case, specifically testified that he was *not* expressing an opinion about Claimant's medical condition for any period of time prior to his initial examination of Claimant on September 1, 1994. (R.R. at 85.) In other words, Dr. Weintraub never offered an opinion about Claimant's medical condition as of February 24, 1994 or March 29, 1994. Therefore, Dr. Weintraub's testimony cannot support a Review Petition alleging that Employer made a material mistake of fact when it issued the NCP on March 29, 1994.

Accordingly, we reverse the WCAB's order affirming the WCJ's decision to modify the NCP based on Dr. Weintraub's testimony.

---

1. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section

704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

## II. Claim Petition

■ We next address whether, given Dr. Weintraub's credible testimony, Claimant would have been entitled to benefits for right carpal tunnel syndrome and right thumb tendonitis under section 410 of the Act, which governs the filing of a Claim Petition.

> If, after any injury, the employer or his insurer and the employe or his dependent, concerned in any injury, shall fail to agree upon the facts thereof or the compensation due under this act, the employe or his dependents may present a claim petition for compensation to the department.

77 P.S. § 751. Under section 315 of the Act, 77 P.S. § 602, a Claim Petition must be filed within three years of the injury.

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

77 P.S. § 602. In cases involving cumulative trauma disorders like carpal tunnel syndrome, the statute of limitations may begin to run on the date of diagnosis or, if the medical evidence establishes that a new injury occurs every workday, on the last date of employment. *Piad Corporation v. Workers' Compensation Appeal Board (Moskyok)*, 761 A.2d 640 (Pa. Cmwlth.2000), *appeal denied*, 565 Pa. 657, 771 A.2d 1292 (2001).

## A. Right Carpal Tunnel Syndrome

■ Here, Dr. Weintraub first noted on February 9, 1995 that Claimant was suffering from right carpal tunnel syndrome as a result of her employment. (R.R. at 137.) Dr. Weintraub later testified that Claimant had her right carpal tunnel repaired by surgery in 1995; Claimant testified that the date was March 13, 1995. (R.R. at 45, 106.) Thus, assuming that Claimant worked the day before her surgery, the date of injury could be no later than March 12, 1995. Because Claimant did not file her petition until September 29, 1998, more than three years after that date, Claimant's petition would be barred by the statute of limitations with respect to right carpal tunnel syndrome.

## B. Right Thumb Tendonitis

■ As for right thumb tendonitis, Dr. Weintraub first mentioned that Claimant suffered from this condition in a note dated June 13, 1996. (R.R. at 138.) Because Claimant's September 29, 1998 petition *was* filed within three years of this injury, the petition would *not* be barred by the statute of limitations. Thus, if the WCJ had treated Claimant's petition as a Claim Petition, Claimant would have been entitled to receive benefits for right thumb tendonitis as of June 13, 1996.

Because the WCJ did not treat Claimant's petition as a Claim Petition, we remand this case to the WCAB for remand to a WCJ for that purpose. In treating Claimant's petition as a Claim Petition, the WCJ shall make necessary findings of fact and conclusions of law only with respect to Claimant's right thumb tendonitis.[3]

---

**3.** We note that, under section 413(a) of the Act, 77 P.S. § 772, a WCJ may modify a NCP upon proof that the employee's disability has increased. However, we conclude that this provision does not apply here because Claimant is not alleging that her trigger finger and cyst have worsened.

**34** ■

■

### ORDER

AND NOW, this 12th day of February, 2002, the order of the Workers' Compensation Appeal Board (WCAB), dated August 23, 2001, is hereby reversed, and this case is remanded to the WCAB for remand to a workers' compensation judge for the purpose set forth in the foregoing opinion.

Jurisdiction relinquished.