**MEENAN OIL COMPANY, L.P., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (POWNALL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 30, 2004.

Decided April 13, 2004.

Martin J. Fallon, Jr., Philadelphia, for petitioner.

Michael N. Silver, Upper Darby, for respondent.

BEFORE: FRIEDMAN, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Meenan Oil Company, L.P., (Employer) petitions for review of the September 5, 2003, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) to grant three petitions filed by Richard Pownall (Claimant).[1] In this case, we are asked to determine whether the WCJ, pursuant to section 413(a) of the Workers' Compensation Act[2] (Act), properly amended a notice of compensation payable (NCP) to correct the date of injury and to include additional injuries.

The relevant facts are as follows. Claimant worked for Employer in a seasonal job, delivering fuel oil to customers' homes.[3] On February 3, 1996, while making an oil delivery, Claimant fell down a flight of steps and injured his lower back. Claimant immediately reported the incident to his supervisor, and the incident also was reported to Travelers Insurance (Travelers), Employer's workers' compensation carrier. Despite considerable problems with his back, Claimant finished the day's work. Two days after his fall, Claimant's neck started to hurt, and, about a month later, he also began to have pain in his thumbs, palms and wrists. Claimant took the following Monday off due to his back pain, and, after several days, he called his supervisor and told him that he could no longer work due to pain; however, after Employer requested that he find some way to continue working, Claimant got his son to assist him. Claimant was able to continue working through April 1, 1996, the end of the season.

1. Claimant actually filed five different petitions in this case, all of which were consolidated for hearing before the WCJ; however, only three of these petitions are relevant in this appeal.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771.

3. As a seasonal employee, Claimant would work from November or December until the following April. During the off season, Claimant would collect unemployment compensation until he was recalled again from layoff.

Claimant initially sought treatment with a chiropractor for back and neck pain, and he asked one of Employer's office workers to arrange for the bills to be paid through workers' compensation. The claim for the February 3, 1996, injury was reported to Travelers in April of 1996, and no question was raised as to its validity. Travelers reimbursed Claimant for medical expenses incurred from February 8, 1996, but it did not issue an NCP because it considered this to be a medical only claim, with no lost time or disability.

On July 26, 1996, one of Claimant's treating physicians made findings indicative of trigger phenomenon, possible carpal tunnel syndrome, cervical and lumbar strain and lumbar radiculopathy. Claimant denied having problems with his hands before the fall on February 3, 1996. In August of 1996, Travelers assigned Claimant a rehabilitation nurse, who filed a report with Travelers reflecting a diagnosis of lumbosacral strain and sprain and bilateral trigger thumb. The nurse took Claimant to an independent medical examiner (IME), Thomas Cain, M.D., who issued an IME report indicating an injury date of February 3, 1996, with progressive hand problems beginning a month later. The nurse also recommended pool therapy for Claimant's neck and back, and Travelers provided this therapy to Claimant by paying for a two-year membership at the YMCA.

On October 3, 1996, Claimant was diagnosed with "trigger thumb," and he underwent surgery on his left thumb in November of 1996. Claimant received temporary total disability benefits for the period from October 3, 1996, through December 8, 1996, when he returned to work and benefits were suspended. At the time, no NCP had been issued. These payments were formally recorded in a supplemental agreement entered into a year later.

■ On March 27, 1997, Employer issued an NCP accepting responsibility for a work injury occurring on *April 1, 1996,* and described only as "bilateral trigger fingers."[4] According to Travelers' claims adjuster Tavita Cutiva, Employer used the date of Claimant's last day of seasonal work as the date of injury because Employer characterized Claimant's thumb condition as a cumulative trauma injury.[5] Meanwhile, Claimant continued to undergo treatment for various cervical and lumbar problems, bilateral strain tenosynovitis, and bilateral carpal tunnel syndrome, all of which his physicians related to the incident of February 3, 1996.

On August 3, 1998, Employer issued a Notice of Compensation Denial (NCD) which referenced a February 3, 1996 injury.[6] In response, on October 16, 1998, Claimant filed a Petition to Review Medical Treatment and/or Billing and to Reinstate Benefits (Reinstatement Petition), alleging that Employer refused to com-

---

4. On November 7, 1997, Employer filed a corrected NCP; this NCP also listed an injury date of April 1, 1996, but described the injury as "strain both thumbs."

5. In cumulative trauma cases, the last day of employment is generally used as the date of injury for purposes of notice and filing limitations. *See Curran v. Workmen's Compensation Appeal Board (Maxwell Industries),* 664 A.2d 667 (Pa.Cmwlth.1995), *appeal denied,* 543 Pa. 732, 673 A.2d 337 (1996).

6. The NCD stated that the evidence "fails to establish that the employee's present diagnosis of *brain stem subluxation* is related to the *original injury of 02–03–96."* (R.R. at 21a) (emphasis added). Nowhere in the record is there any reference to a diagnosis of brain stem subluxation. According to Cutiva's credible testimony, Employer at some point decided to discontinue payment of Claimant's medical bills referable to the February 3, 1996, work injury.

pensate Claimant for partial disability and to pay for reasonable and necessary medical treatment related to his February 1996 work injuries.

On December 6, 1998, Claimant was re-injured at work when he was called upon to lift and carry a forty-pound bag of oil dry. Claimant has not worked since that time because of pain in his back, leg, neck, hands and wrists. The next day, Claimant reported this second incident to his supervisor as a recurrence of the February 3, 1996, injury[7] and sought further medical treatment. On April 2, 1999, Claimant filed a Claim Petition seeking benefits for disability resulting from the December 6, 1998, incident.

On January 12, 2000, Claimant filed a petition to review the NCP (Review Petition) pursuant to section 413(a) of the Act, alleging that the April 1, 1996, injury date on the NCP was incorrect and should be amended to reflect an injury date of February 3, 1996, "as evidenced by Employer's/Insurer's own records." (WCJ's Findings of Fact, No. 4, R.R. at 14a.) Claimant also alleged that the description of his injuries in the NCP should be amended to include neck and back injuries and bilateral carpal tunnel syndrome. Employer filed an Answer denying the allegations in each of Claimant's Petitions, and the Petitions were consolidated for hearings before the WCJ.

The WCJ accepted the testimony of Claimant and Claimant's lay witnesses and medical experts as credible and persuasive and rejected the conflicting testimony of Employer's lay and medical witnesses. Based on those credibility determinations, the WCJ specifically found that no injury occurred on April 1, 1996; rather, Claim-ant was injured when he fell down a flight of steps at work on February 3, 1996. The WCJ also found that Claimant's thumb injury and the development of Claimant's carpal tunnel syndrome were a direct result of the traumatic incident on February 3, 1996, rather than cumulative trauma. Finally, the WCJ found that Claimant's December 1998 work injury aggravated his injuries of February 3, 1996.

The WCJ concluded that Claimant met his burden of proving that he was injured at work on February 3, 1996, and sustained injuries to his neck, right arm and right shoulder, along with back pain with radiation into the right leg and foot and bilateral carpal tunnel syndrome. The WCJ also concluded that Claimant met his burden of establishing that his February 3, 1996, injuries, particularly his back and neck injuries, recurred because of the lifting incident on December 6, 1998. Accordingly, the WCJ granted Claimant's Review Petition and ordered that the NCP be amended to reflect the February 3, 1996, injury date and to include the additional injuries. The WCJ also granted Claimant's Reinstatement Petition. Finally, the WCJ granted Claimant's "Claim" Petition; the WCJ reinstated benefits as of December 6, 1998, and awarded Claimant total disability benefits as of December 7, 1998, and ongoing based upon a recurrence of Claimant's disability as a result of his December 6, 1998, work injury. Employer appealed to the WCAB, which affirmed the WCJ's determination.

■ On appeal to this court,[8] Employer does not challenge any of the WCJ's Findings of Fact; rather, Employer argues that the WCJ exceeded her authority in granting Claimant's Review Petition and

---

7. Cutiva explained that no NCP or NCD was issued for the December 6, 1998, injury because Claimant indicated that it was a recurrence of the February 3, 1996, injury, and since there was no accepted work injury to Claimant's back, there was nothing to recur.

8. Our scope of review is limited to determining whether constitutional rights were violat-

awarding compensation to Claimant for a February 3, 1996, injury under section 413(a) of the Act. Employer notes that there was no existing NCP for an injury on that date, and, in fact, Employer had issued an NCD for a February 3, 1996, injury.[9] Employer maintains that, absent an acceptance of liability by the filing of an NCP, Claimant had to establish the February 3, 1996, injury as an original claim under section 410 of the Act.[10] Employer contends that Claimant's Review Petition is, in reality, a claim petition, and, as such, the Petition, filed on January 12, 2000, is barred by the three-year statute of limitations in section 315 of the Act.[11] Employer characterizes Claimant's Review Petition as a subterfuge designed to circumvent the statute of limitations. We disagree with Employer; indeed, on its face, Employer's argument conflicts with the only credible evidence of record with respect to Claimant's injuries.

■ Under section 413(a) of the Act, the WCJ has the power, *at any time,* to review and modify or set aside an NCP, if it be proved that the NCP was *in any way* materially incorrect. 77 P.S. § 771. (Emphasis added.) The WCJ may modify an NCP under this provision only if a materi-

al mistake was made at the time the NCP was issued. *Borough of Honesdale v. Workmen's Compensation Appeal Board (Martin),* 659 A.2d 70 (Pa.Cmwlth.), *appeal denied,* 543 Pa. 698, 670 A.2d 144 (1995).

■ Here, the credible testimony of Claimant and his medical experts provides overwhelming support for the WCJ's finding that Claimant sustained a work-related injury on February 3, 1996, and did not sustain any injury on April 1, 1996. Importantly, Employer never denies the fact that Claimant fell at work on February 3, 1996, and Employer acknowledges that the April 1, 1996, date of injury only reflected the fact that Employer treated Claimant's trigger thumbs as a cumulative injury. However, the record establishes that Claimant's thumb injury was caused directly by the trauma of Claimant's February 3, 1996, fall, not repetitive use.[12] Because Claimant's evidence proves that Claimant's injury to his thumbs occurred on February 3, 1996, the WCJ was empowered by section 413(a) to correct the injury date on the NCP. Further, the record supports the finding that Claimant sustained back, neck and various other injuries, including carpal tunnel syndrome, as

ed, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

9. We note that, by failing to timely issue an NCP with respect to payments made for Claimant's unquestioned "medical only" claim, Employer violated the mandates of section 407 of the Act, 77 P.S. § 731, and section 406.1 of the Act, *added by* the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1. Moreover, when Employer issued its NCP more than a year later, it described only Claimant's thumb injury.

10. 77 P.S. § 751. In relevant part, this section provides that if, after any injury, the

employer and the employee fail to agree on the facts or the compensation due under the Act, the employee may present a claim petition for compensation.

11. 77 P.S. § 602. In relevant part, this section provides that claims for personal injury are forever barred unless, within three years after the injury, the parties either agree on the compensation payable or one of the parties files a petition under the Act. However, where compensation nevertheless is paid, the time period is extended to three years from the most recent payment.

12. Thus, we summarily reject Employer's argument that the NCP's injury date of April 1, 1996, was appropriate for Claimant's "cumulative trauma" injury.

a result of the February 3, 1996, injury, and so the WCJ also was empowered by section 413(a) to add these additional injuries to the existing NCP. Thus, Claimant was not required to file a claim petition with respect to his February 3, 1996, injury.[13]

Given our ruling with respect to Claimant's Review Petition, we necessarily reject Employer's arguments with respect to Claimant's two remaining Petitions, which are predicated on the assertion that Employer had not accepted liability for a February 3, 1996, injury.[14]

Accordingly, we affirm.

### ORDER

AND NOW, this 13th day of April, 2004, the order of the Workers' Compensation Appeal Board, dated September 5, 2003, is hereby affirmed.

---

13. We recognize that, in workers' compensation law, the form of a petition is not controlling where the facts warrant relief for a claimant. If a claimant is entitled to relief under any section of the Act, the petition will be considered as filed under that section. *Zippo Manufacturing Co. v. Workers' Compensation Appeal Board (Louser),* 792 A.2d 29 (Pa. Cmwlth.2002). Thus, even if, as Employer maintains, Claimant was required to file a claim petition for the February 3, 1996, injury, we could consider Claimant's Review Petition as such and, contrary to Employer's position, it would *not* be barred by the statute of limitations.

For the purposes of filing a claim petition, the payment of medical expenses with the intent to satisfy obligations under the Act tolls the running of the statute of limitations in section 315 until three years following the most recent voluntary payment of medical benefits. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown),* 830 A.2d 649 (Pa.Cmwlth.2003); *Golley v. Workers' Compensation Appeal Board (AAA Mid–Atlantic, Inc.),* 747 A.2d 1253 (Pa.Cmwlth.

2000), *appeal denied,* 569 Pa. 696, 803 A.2d 736 (2002). Here, Claimant successfully established that Employer paid Claimant's medical bills intending to fulfill its workers' compensation obligation, and Employer failed to present any evidence to the contrary. In fact, we note that Employer conceded that it treated Claimant's back, neck and hand injuries as a medical only workers' compensation claim. Accordingly, because Claimant filed his Review Petition less than three years after receiving the last payment of medical expenses by Employer, a claim petition clearly would be timely. *See City of Philadelphia.*

14. Here, Claimant proved that his injuries actually occurred on February 3, 1996, that he continued to require medical treatment and suffered some resulting wage loss thereafter and that the symptoms of his February 3, 1996, injury recurred on December 6, 1998, disabling him from his pre-injury job. Therefore, the WCJ properly granted each of Claimant's Petitions.