Vickie FEARON, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (BOROUGH OF
ASHLAND), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 25, 2003.
Decided June 12, 2003.

Lawrence D. Levin, Jenkintown, for petitioner.

Daniel K. Deardorff, Carlisle, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Vickie Fearon (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision denying and dismissing Claimant's penalty petition. We affirm.

Claimant suffered a work-related injury on December 25, 1998, as a volunteer EMT with the Borough of Ashland's (Employer) ambulance company. A notice of compensation payable (NCP) was issued which described the injury as a fractured jaw. The NCP indicated that Claimant fractured her jaw while providing emergency medical services as a volunteer EMT.

At the time of her injury as an EMT for Employer, Claimant was regularly employed by the Schuylkill County Public Assistance Bureau. Employer obtained wage information from Claimant's employment with the Schuylkill County Public Assistance Bureau and calculated Claimant's average weekly wage as $586.04.

On or about July 13, 2000, Claimant filed a penalty petition requesting interest, penalties and attorney's fees for Employer's deliberate miscalculation of her average weekly wage. Employer filed an answer denying the material allegations of the penalty petition. Hearings before a WCJ ensued.

The issue presented to the WCJ was one of law. Specifically, whether Employer should have utilized Section 601 of the Worker's Compensation Act[1] (Act) in making a determination as to Claimant's average weekly wage and resulting compensation rate. Section 601 of the Act provides, in pertinent part, as follows:

(a) In addition to those persons included within the definition of the word "employe" as defined in section 104, "employe" shall also include:

(1) members of volunteer fire departments or volunteer fire companies....

(2) members of volunteer ambulance corps of the various municipalities....

. . . .

(b) In all cases where an injury which is compensable under the terms of this act is received by an employe as defined in this section, there is an irrebuttable presumption that his wages shall be at least equal to the Statewide average weekly wage for the purpose of computing his compensation under sections 306 and 307.

. . . .

(d) The term "municipality" when used in this article shall mean all cities, boroughs, incorporated towns, or townships.

77 P.S. § 1031 (footnotes omitted).

The WCJ determined that Claimant was injured while performing volunteer emergency medical services and was therefore a Section 601(a) employee for purposes of the Act. The WCJ found that pursuant to Section 105.1 of the Act,[2] the Department

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1031.

2. *Added by* Act of March 29, 1972, P.L. 159, 77 P.S. § 25.1.

of Labor and Industry determined that the Statewide average weekly wage for injuries occurring on and after January 1, 1998, was $561.00 per week.[3] The WCJ found further that under Section 306(a)(1) of the Act,[4] the payments for total disability are sixty-six and two-thirds per centum of the wages of the injured employee but the compensation shall not be more than the maximum compensation payable as defined in Section 105.2 of the Act.[5]

The WCJ found that pursuant to Section 601(b) of the Act, if Claimant's total disability benefits had been computed based upon her status as a volunteer EMT, her total disability rate would have been $373.99 per week or sixty-six and two thirds per centum of the 1998 Statewide average weekly wage of $561.00. However, the WCJ found that Claimant's average weekly wage in her employment with the Schuylkill County Public Assistance Bureau was $586.04, which resulted in a compensation rate for total disability of $390.69, which was a higher amount than the amount to which Claimant would have been entitled had Employer utilized the presumption under Section 601(b). Based on the fact that Section 601(b) provides that there is an irrebuttable presumption that a claimant's wages shall be at least

equal to the Statewide average weekly wage, the WCJ determined that Employer was required to utilize the wages of Claimant's non-volunteer employment. Specifically, Claimant's wages with the Schuylkill County Public Assistance Bureau, because those wages resulted in an average weekly wage greater than the Statewide average weekly wage for the year 1998.

Accordingly, the WCJ found that Employer did not violate any provision of the Act by calculating Claimant's total disability benefits based upon her average weekly wage in her employment with the Schuylkill County Public Assistance Bureau. In doing so, the WCJ rejected Claimant's belief that the sum of $561.00 per week was intended to represent the compensation rate for total disability so that the actual Statewide average weekly wage for the year 1998 was $841.50 ($841.50 × .666666 = $561.00). The WCJ concluded that this was an incorrect interpretation of the "Statewide average weekly wage" as that term is utilized in Section 105.1 of the Act.

Thus, the WCJ denied and dismissed Claimant's penalty petition. Claimant appealed to the Board, which affirmed the WCJ's decision. This appeal followed.[6]

3. The WCJ took judicial notice of a notice to all insurance carriers and self-insured employers from the Department of Labor and Industry, dated December 15, 1997, stating that pursuant to Section 105.1 of the Act, the Department of Labor and Industry had determined that the Statewide average weekly wage for injuries occurring on and after January 1, 1998 shall be $561.00. *See* Original Record, WCJ Exhibit 5.

4. 77 P.S. § 511(1).

5. *Added by* Act of March 29, 1972, P.L. 159, *as amended*, 77 P.S. § 25.2. Section 105.2 provides as follows:

The terms "the maximum weekly compensation payable" and "the maximum compensation payable per week," as used

in this act, mean sixty-six and two-thirds per centum of "the Statewide average weekly wage" as defined in section 105.1. Effective July 1, 1975, the terms "the maximum weekly compensation payable" and "the maximum compensation payable per week" as used in this act for injuries or death after the effective date of this amendatory act shall mean the Statewide average weekly wage as defined in Section [105.1].
(Footnotes omitted).

6. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence.

Initially, we note that pursuant to Section 435 of the Act, 77 P.S. § 991(d), a WCJ is authorized to impose penalties for violations of the Act. *McKay v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 654 A.2d 262 (Pa. Cmwlth.1995); *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.)*, 102 Pa.Cmwlth.493, 518 A.2d 1305 (1986). The assessment of penalties, as well as the amount of penalties imposed, is discretionary, and absent an abuse of discretion by the WCJ, this Court will not overturn a penalty on appeal. *Essroc Materials v. Workers' Compensation Appeal Board (Braho)*, 741 A.2d 820 (Pa.Cmwlth. 1999). An abuse of discretion is not merely an error of judgment but occurs, *inter alia*, when the law is misapplied in reaching a conclusion. *Candito v. Workers' Compensation Appeal Board (City of Philadelphia)*, 785 A.2d 1106 (Pa.Cmwlth. 2001).

On appeal, Claimant argues that both the WCJ and the Board erroneously held that the 1998 Statewide average weekly wage was only $561.00 and that Claimant was entitled to two-thirds of this sum in compensation benefits. Claimant argues further that the terms "Statewide average weekly wage" and "maximum Statewide compensation rate" are not one in the same. Claimant contends that Section 105.2 defines the maximum statewide compensation rate as sixty-six and two thirds of the Statewide average weekly wage that the Department of Labor and Industry determines annually. Therefore, Claimant argues, she is entitled to receive weekly compensation benefits in the amount of sixty-six and two thirds of $841.50, which is the 1998 Statewide average weekly wage.

First, we note that Claimant has included in the reproduced record a chart which Claimant alleges was published by the Department of Labor and Industry setting the 1998 Statewide average weekly wage as $841.50. *See* Reproduced Record (R.R.) at 4a. While this chart is entitled "Workers' Compensation Rate Schedule," there is no indication anywhere on this chart who published it, when it was published, or where it was published. Moreover, this chart is not part of the original certified record in this matter. It is well settled that an appellate court cannot consider anything which is not part of the certified record in a case. *Smith v. Smith*, 431 Pa.Super. 588, 637 A.2d 622, 623–24 (1993), *petition for allowance of appeal denied*, 539 Pa. 680, 652 A.2d 1325 (1994). Accordingly, we cannot accept Claimant's unsupported assertion that the 1998 Statewide average weekly wage was $841.50 based on this chart.

Second, we reject Claimant's argument that "Statewide average weekly wage" and "maximum Statewide compensation rate" are not one in the same. Section 105.2 of the Act specifically states that "[e]ffective July 1, 1975, the terms 'the maximum weekly compensation payable' and 'the maximum compensation payable per week' as used in this act for injuries or death after the effective date of this amendatory act shall mean the Statewide average weekly wage as defined in Section [105.1]." 77 P.S. § 25.2. Section 105.1 defines the term "Statewide average weekly wage" to mean that amount determined annually by the Department of Labor and Industry for each calendar year. Accordingly, by the plain language of Sections 105.1 and 105.2 of the Act, the maximum

*Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

weekly compensation payable or the maximum compensation payable per week are equal to the Statewide average weekly wage. *See Tomlinson v. Workmen's Compensation Appeal Board (J. Baker, Inc.),* 167 Pa.Cmwlth.329, 648 A.2d 96, 98 n.4 (1994) ("The maximum weekly compensation payable is equivalent to the statewide average weekly wage. Section 105.2, 77 P.S. § 25.2."); *Walton v. Cooper Hosiery Company,* 48 Pa.Cmwlth. 284, 409 A.2d 518, 520 (1980) (" '[M]aximum compensation payable' was redefined in Section 105.2 of Act 263, 77 P.S. § 25.2, to be equal to the Statewide average weekly wage, whereas it formerly was two-thirds of that amount.").

The purpose of the Act's limitation establishing the Statewide average weekly wage as a ceiling for maximum benefits paid was explained by this Court in *Walton.*

> The effect of the ... amendment to Section 105.2, raising the maximum compensation payable to the annually fixed Statewide average weekly wage, is to provide at least the amount of the Statewide average weekly wage where the injured person enjoys a wage rate two-thirds of which would be higher than the Statewide average weekly wage. Previously he could be limited to no more than two-thirds of the Statewide average weekly wage. Now, he can get the full amount of that annual figure.

*Walton,* 409 A.2d at 520 (quoting A. Barbieri, Pennsylvania Workmen's Compensation, § 511(1)). In addition, this Court set forth the legislative intent of Section 601 of the Act in *New Bethlehem Volunteer Fire Company v. Workmen's Compensation Appeal Board (Kemp),* 654 A.2d 267, 270

(Pa.Cmwlth.), *petition for allowance of appeal denied,* 542 Pa. 679, 668 A.2d 1140 (1995), as follows:

> It is apparent that the legislative intent of Section 601 is that should a volunteer fireman, who is injured in the line of duty, not otherwise be entitled to benefits or only entitled to an amount less than the presumed average weekly wage, the statute ensures that he/she does not receive workers' compensation benefits in an amount less than the statewide average.

Thus, we reject Claimant's argument that she is entitled to $561.00 in weekly compensation benefits based on an average weekly wage of $841.50. If we were to accept Claimant's position, the amendment to Section 105.2 of the Act equating the maximum compensation payable with the Statewide average weekly wage would be meaningless.[7]

On January 24, 1998, the Department of Labor and Industry published in the Pennsylvania Bulletin the maximum compensation payable under the Act for injuries occurring on and after January 1, 1998. 28 Pa. B. 432 (1998). That notice states that "[b]ased upon the Statewide Average Weekly Wage, as determined by the Department of Labor and Industry for the fiscal year ending June 30, 1997, the maximum compensation payable under the Workers' Compensation Act, under Article 1, subsections 105.1 and 105.2, shall be $561 per week for injuries occurring on and after January 1, 1998." *Id.*

■ Accordingly, the WCJ correctly determined that the 1998 Statewide average weekly wage was $561.00. In addition, the WCJ properly considered Claimant's em-

---

7. Pursuant to Section 1921 of the Statutory Construction Act of 1972, the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921. In addition, every statute shall be construed, if possible, to give effect to all its provisions. *Id.*

ployment with the Schuylkill County Public Assistance Office and found that her average weekly wage was $586.04 which resulted in a higher rate of total disability for Claimant. A claimant is entitled to use the wages from a second employer if those wages exceed the Statewide average weekly wage.[8] As such, Employer properly calculated Claimant's average weekly wage based on Claimant's higher wages from her non-volunteer employment. Because Employer paid Claimant compensation benefits in accordance with the Act, Claimant failed to prove that Employer violated any provisions of the Act.

The Board's order is affirmed.

### ORDER

AND NOW, this 12th day of June, 2003, the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed.

---

8. *See Borough of Honesdale v. Workmen's Compensation Appeal Board (Martin),* 659 A.2d 70, 76 n. 8 (Pa.Cmwlth.), *petition for* *allowance of appeal denied,* 543 Pa. 698, 670 A.2d 144 (1995).