**Maureen G. BIXLER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WALDEN BOOKS), Respondent**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 3, 2003.

Decided Dec. 17, 2003.

---

**5.** Section 803 was amended on November 27, 2002 to permit suspension up to sixty days in one calendar year.

Thomas R. Beveridge, Bechtelsville, for petitioner.

Audrey E. Timm, Blue Bell, for respondent.

BEFORE SMITH–RIBNER, Judge, LEADBETTER, Judge, JIULIANTE, Senior Judge

OPINION BY SENIOR JUDGE JIULIANTE.

Maureen G. Bixler (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) granting the review petition of Walden Books (Employer). We affirm.

Claimant sustained a compensable injury on January 17, 2001 in the course and scope of her employment with Employer. Employer issued a notice of compensation payable (NCP) dated February 9, 2001, listing a pre-injury average weekly wage of $963.43 with a corresponding weekly compensation rate of $642.29. This amount was calculated to include $320.00 [1] in earnings with Employer as well as $643.43 in earnings from Claimant's concurrent employment as a registered nurse for Hooper Holmes, Incorporated, doing business as Port–A–Medic (Port–A–Medic).

On August 30, 2001, Employer filed a Petition to Review Compensation Benefits (Petition) alleging that the average weekly wage indicated on the NCP was incorrect and that Claimant's compensation rate should be based only on her average weekly wage from Employer without the concurrent earnings from Port–A–Medic, which were excludable self-employment earnings. Claimant timely filed an answer denying the allegations contained in the Petition.

The WCJ held two hearings on this matter. Employer submitted a packet of documents from Port–A–Medic, which included a letter dated July 16, 2001 notifying Employer that Claimant was never an employee of Port–A–Medic, but rather that she worked as an independent contractor performing paramedical services for Port–A–Medic. Employer's evidence included copies of Claimant's independent contractor agreement with Port–A–Medic and documentation relating to payments made to her by Port–A–Medic. Employer also submitted a Statement of Wages indicating Claimant's wage calculations with Employer and Port–A–Medic during the relevant time period.

Claimant testified that she was a self-employed registered nurse with Port–A–Medic as of her January 17, 2001 work injury date. She also admitted that she signed the independent contractor agreement with Port–A–Medic and understood that by signing it, she was agreeing to be an independent contractor for Port–A–Medic. Further, Claimant testified that since the date of her work injury, she has not been able to return to work with Port–A–Medic although she returned to work with Employer earning greater than her pre-injury average weekly wage until she suffered a separate injury and was forced to stop working.

The WCJ found that Employer paid Claimant partial disability benefits based on her earnings as an independent contractor following her return to her pre-injury job without wage loss. In addition, the WCJ found Claimant's testimony to be credible and consistent with the documentary evidence submitted by Employer establishing that Claimant was an independent contractor with Port–A–Medic, rather than an employee, at the time of her work injury.

Therefore, the WCJ concluded that Employer established by substantial evidence that the NCP was materially incorrect due to inclusion of Claimant's wages from self-employment in the calculation of her pre-

1. Although Finding of Fact No. 1 lists Claimant's earnings from Employer as $328.00, both the conclusions of law and the certified record indicate that the correct amount is actually $320.00. (Claimant's testimony, January 15, 2002, N.T. 4)

injury average weekly wage. On May 28, 2002, the WCJ granted the Petition, ordering that the NCP be amended and corrected to reflect Claimant's average weekly wage of $320.00 without inclusion of her self-employment earnings.

Claimant appealed the WCJ's decision to the Board, arguing that the treatment of her self-employment earnings differently than the earnings of a claimant who is concurrently employed violates her constitutional right to equal protection. The Board affirmed the decision of the WCJ on March 18, 2003 and this appeal followed.

■ Our review of a Board decision is limited to determining whether constitutional rights were violated, whether errors of law were committed or whether findings of fact are supported by substantial evidence. *Scott v. Workers' Compensation Appeal Board (Crown Cork & Seal Co.)*, 814 A.2d 298 (Pa.Cmwlth.2003). The sole issue Claimant raises on appeal is whether Section 309(e) of the Workers' Compensation Act (Act),[2] constitutes an equal protection violation.

Section 309(e) of the Act provides in pertinent part as follows:

> Where the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation.

77 P.S. § 582(e).

■ We have determined that self-employment earnings cannot be considered wages from concurrent employment for purposes of calculating a claimant's preinjury average weekly wage under Section 309(e) of the Act. *Borough of Honesdale v. Workmen's Compensation Appeal Board (Martin)*, 659 A.2d 70 (Pa.Cmwlth.1995) (self-employment earnings are excluded from the calculation because the term

"wages," as contemplated by the Act, refers to remuneration from an employer to an employee and it is impossible for a self-employed individual to receive wages in this manner); *Deichler v. Workmen's Compensation Appeal Board (Emhart/True Temper)*, 143 Pa.Cmwlth.189, 598 A.2d 1030 (1991) (self-employment earnings do not qualify as concurrent wages under Section 309(e) of the Act because it is impossible for a claimant to act as both employer and employee simultaneously).

Claimant does not challenge the Board's interpretation of Section 309(e) of the Act. Instead, she contends that this provision is unconstitutional because it treats a claimant who collects additional income through self-employment differently than a claimant who collects additional wages as an employee of a second employer for benefit purposes. Specifically, Claimant argues that the Board violated her right to equal protection when it limited her entitlement to benefits pursuant to this statutory provision.

■ For a statute to be found constitutional where, as here, an economic rather than a fundamental or suspect class is involved, the classification need only bear a rational relationship to a legitimate governmental objective. *Formicola v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 97 Pa.Cmwlth.274, 509 A.2d 434 (1986). The party challenging a statute on constitutional grounds has the burden of demonstrating the lack of a rational connection between the challenged provision and some legitimate governmental purpose. *Id.*

Addressing whether a classification violates the equal protection clause of the Fourteenth Amendment to the United

---

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 582(e).

States Constitution, the United States Supreme Court stated:

> Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

*McGowan v. Maryland,* 366 U.S. 420, 425–26, 81 S.Ct. 1218, 6 L.Ed.2d 393 (1961).

■ When reviewing an equal protection challenge under the rational-basis test, we are free to hypothesize reasons for the classification. *Lyons v. Workers' Compensation Appeal Board (Pittsburgh Steelers Sports, Inc.),* 803 A.2d 857 (Pa.Cmwlth. 2002), *appeal denied,* 573 Pa. 687, 823 A.2d 146 (2003). We must therefore determine whether any set of facts can be conceived that will sustain the classification at issue here. *Id.*

■ One of the stated purposes of the Act is to strike a balance between the interests of employees and employers. *Formicola.* Under the Act, Pennsylvania employers are required to participate in a common system of employee compensation for work-related injuries and to contribute to a common workers' compensation trust fund. In effect, the Act provides a substitute method of accident insurance for employees covered by its provisions in lieu of common law rights and liabilities. *Colyer v. Pennsylvania State Police,* 165 Pa. Cmwlth. 41, 644 A.2d 230 (1994).

■ Since a self-employed individual is neither an employee nor an employer as defined by the Act and is not required to participate in this insurance system, it would be inequitable to require an employer to include in the calculation of a claimant's wage loss benefits those earnings collected from self-employment, which fall outside of the statutory scheme. As such, we find that the classification relating to self-employed claimants is rationally related to the state's legitimate goal of balancing the interests of employees and employers under the workers' compensation system.

Moreover, we agree with Employer's contention that the government has a legitimate interest in excluding self-employment earnings from concurrent employment wage calculations to ensure that employers are only required to pay benefits for verifiable wages and reliably-reported income. We find this to be further justification for the distinction between earnings received through self-employment in one's own business and wages received from a concurrent employer for purposes of calculating the average weekly wage under Section 309(e) of the Act.

Accordingly, we conclude that the exclusion of self-employment earnings from concurrent wages under Section 309(e) of the Act is related to legitimate governmental interests and does not violate Claimant's right to equal protection of the law. We therefore affirm the order of the Board.

## ORDER

AND NOW, this 17th day of December, 2003, the March 18, 2003 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.