Angelo **BALLERINO**, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (DARBY BOROUGH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 2007.

Decided Dec. 13, 2007.

---

Kenneth N. Brodsky, Bala Cynwyd, for petitioner.

Robert F. Kelly, Jr., Media, for respondent.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Angelo Ballerino (Claimant), a volunteer firefighter, petitions for review of an order of the Workers' Compensation Appeal Board (Board) that calculated his disability compensation by using the statutory for-

mula established for voluntary firefighters. The statutory formula presumes that a volunteer firefighter receives at least the Statewide average weekly wage when disability compensation is awarded to a volunteer firefighter injured in the line of duty. Claimant asserts that his presumed statutory wage should have been combined with his pre-injury actual wage, which stacking would produce an increase in his disability compensation. The Board affirmed the decision of the Workers' Compensation Judge (WCJ) that the Workers' Compensation Act (Act)[1] did not permit this stacking. Finding no error, we affirm.

The facts in this case are not in dispute. Claimant sustained a disabling injury while working as a volunteer firefighter for Darby Borough (Employer). Employer issued a notice of temporary compensation payable, entitling Claimant to collect disability compensation in the amount of $477.85 per week, using the statutory formula for volunteer firefighters injured in the line of duty. Claimant filed a claim petition seeking to increase that compensation. Claimant asserted that his weekly earnings of $580 from his work as a truck driver for Hachik Distributors that he was unable to earn while on total disability should have been added to his presumed statutory wage to calculate his compensation award. Under Claimant's proposed methodology, he was entitled to collect compensation in the amount of $716 per week.

The WCJ denied the claim petition. He held that the Act did not permit stacking of Claimant's actual earnings with the "presumed" weekly wage established by statute for volunteer firefighters. Thus, the WCJ awarded Claimant temporary total disability benefits of $477.85 per week. The Board affirmed.

▇ On appeal,[2] Claimant presents two issues for our consideration. First, he asserts that the Board erred in not stacking his actual earnings from Hachik with his presumed earnings as a volunteer firefighter to calculate his disability compensation. Claimant acknowledges that the Board's decision is consistent with this Court's interpretation of the Act established in *New Bethlehem Volunteer Fire v. Workmen's Compensation Appeal Board (Kemp)*, 654 A.2d 267, 269 (Pa.Cmwlth. 1995), but he contends that this case was wrongly decided. Second, Claimant asserts the Act violates due process and equal protection, as guaranteed by the Pennsylvania and United States Constitutions.

We begin with Section 601 of the Act, 77 P.S. § 1031, which creates an irrebuttable presumption that a volunteer firefighter injured in the line of duty is entitled to wages at least equal to the Statewide average weekly wage. Section 601 provides in relevant part as follows:

(a) ... "employe" shall also include:

(1) members of volunteer fire departments or volunteer fire companies, ... who shall be entitled to receive compensation in case of injuries received while actively engaged as firemen ...

* * *

(b) In all cases where an injury which is compensable under the terms of this

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

2. Claimant raises an interpretation of statute and a facial challenge to the constitutionality of that statute. In such cases, our scope of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167 (1995).

act is received by an employe as defined in this section, *there is an irrebuttable presumption that his wages shall be at least equal to the Statewide average weekly wage* for the purpose of computing his compensation under sections 306 and 307.

77 P.S. § 1031 (emphasis added). Claimant asserts that Section 601 establishes the minimum compensation for volunteer firemen and that the Board erred by treating it as the maximum. Employer responds that the stacking proposed by Claimant would result in Claimant receiving more in compensation than he actually earned before his injury. Stated otherwise, under Claimant's calculation, he would receive $716 weekly in compensation even though his actual loss of earnings was $580 per week, the amount he earned in his paid employment with Hachik Distributors.

In *New Bethlehem*, we addressed whether the Act permits a volunteer firefighter to aggregate the presumed average weekly wage established in Section 601 with the firefighter's earnings from paid employment. In that case, as here, the claimant argued that Section 309(e) of the Act required such aggregation. Section 309(e) states in relevant part as follows:

> ... Where the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation.

77 P.S. § 582(e). We rejected the claimant's argument, holding that volunteer firefighting is not work done under a "concurrent contract" of employment.

We explained that the purpose of Section 601 of the Act was to ensure that any volunteer fireman injured in the line of duty would receive a minimum amount of compensation regardless of his actual earnings. *New Bethlehem*, 654 A.2d at 269. Accordingly, if an injured volunteer fireman did not work at paid employment or was paid a weekly wage lower than the Statewide average, he would nevertheless be guaranteed disability compensation based on the Statewide average weekly wage. We also considered the long standing principle established in *Hartmann v. Commissioners of Abington Township*, 165 Pa.Super. 316, 67 A.2d 785 (1949), that volunteer firefighters are not engaged in "concurrent employment." Section 309(e) states a general rule that wages from all employers should serve as the basis for calculating disability compensation, but a volunteer firefighter receives no wage for his services. To apply the general rule in Section 309(e) to volunteer firefighters would mean that the Section 601 "presumed" statutory wage was a contractual wage. This, we concluded, was unreasonable, if not absurd. *New Bethlehem*, 654 A.2d at 270. Thus, we held that Section 309(e) has no application to the calculation of an injured fireman's disability compensation.[3]

Volunteer firefighters perform a vital service to their communities at significant risk to their lives, and they do so without compensation. In recognition of this sacrifice of time, undertaken at great personal risk, the General Assembly enacted Section 601. It awards volunteer firefighters disability compensation for injuries that occur in the line of duty, which is

---

3. However, Section 601 establishes the minimum. If the injured volunteer firefighter worked at two paying jobs, in addition to his volunteer work, the earnings from both could be aggregated to determine if they exceeded the Statewide average. If they did, the employee's combined actual wages would result in a compensation award higher than one based only on the Statewide average weekly wage.

not the case for other volunteers. Under Section 601, Claimant receives disability compensation in an amount higher than if he had been injured in his work as a truck driver. This is all that the Act authorizes, and we cannot say the policy decision of the legislature is unjust. In any case, it is beyond the power of this Court to make another policy decision. We are bound by *New Bethlehem*, and Claimant has not offered a persuasive reason to abandon its holding. Therefore, we hold that Section 309(e) of the Act has no application to the calculation of Claimant's disability award.

Claimant next contends that Section 601, as interpreted by the Board and this Court, violates his equal protection rights guaranteed under the Pennsylvania and United States Constitutions.[4] He contends that volunteer firefighters, like other injured employees, should be allowed to aggregate their "wages" from all employers to calculate their disability compensation.

■ The fundamental flaw to Claimant's equal protection argument is that he has no wages from volunteer firefighting to aggregate with the wages he earned working for Hachik Distributors. For Claimant's equal protection analysis to prevail, we would have to find that statutory "presumed" wages are actual wages. However, we have already rejected this construction of the Act. Therefore, Claimant is not being treated differently from employees who collect wages from two employers because he only collects wages from one employer, *i.e.*, Hachik Distributors. Even

so, Section 601 does not violate equal protection.

■ In *Curtis v. Kline*, 542 Pa. 249, 666 A.2d 265 (1995), our Supreme Court articulated the essential principles of equal protection under the United States and Pennsylvania Constitutions[5] to be as follows:

The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly. However, it does not require that all persons under all circumstances enjoy identical protection under the law. The right to equal protection under the law does not absolutely prohibit the Commonwealth from classifying individuals for the purpose of receiving different treatment, and does not require equal treatment of people having different needs. The prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications, provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation. *In other words, a classification must rest upon some ground of difference which justifies the classification and have a fair and substantial relationship to the object of the legislation.*

*Id.* at 254–255, 666 A.2d at 267–268 (citations omitted) (emphasis added). Classifications that implicate an economic interest are subject to the rational relationship

---

4. Claimant asserts baldly that Section 601 violates his due process rights under the Pennsylvania and United State Constitutions. Since Claimant has made no attempt to develop this argument, we will not consider it.

5. Our Supreme Court treats equal protection claims under the Fourteenth Amendment of

the United States Constitution the same as equal protection claims brought under Article I, Section 26 and Article III, Section 32 of the Pennsylvania Constitution. *Kramer v. Workers' Compensation Appeal Board (Rite Aid Corp.)*, 584 Pa. 309, 332, 883 A.2d 518, 532 (2005).

test.[6] *Bixler v. Workers' Compensation Appeal Board (Walden Books)*, 837 A.2d 1278, 1281 (Pa.Cmwlth.2003). The rational relationship test contains two elements:

> First, we determine whether the challenged statute seeks to promote any legitimate state interest or public value; and if so, we then determine whether the legislative classification is reasonably related to accomplishing that articulated state interest.

*Kramer v. Workers' Compensation Appeal Board (Rite Aid Corp.)*, 584 Pa. 309, 335, 883 A.2d 518, 534 (2005). Under this deferential standard, Courts are "free to hypothesize reasons why the legislature created the particular classification at issue. . . ." *Kramer*, 584 Pa. at 336, 883 A.2d at 534.[7]

Volunteer firefighters, who receive no wages for their volunteer services, are treated differently from other employees by reason of Section 601.[8] Indeed, the Act favors volunteer firefighters in two ways.[9] First, most volunteers are not entitled to any compensation for a loss of earnings caused by an injury suffered in the course of volunteer work. *See, e.g., Marcus v. Frankford Hospital*, 445 Pa. 206, 283 A.2d 69 (1971) (hospital volunteer aide is not an employee performing services for valuable consideration). Second, volunteer firefighters are guaranteed a disability benefit based on the Statewide average. All other employees receive compensation based on their actual loss of earnings, which may be far less than the Statewide average.

The General Assembly could have devised the formula in Section 601 differently. It could have provided, for example, that the injured volunteer firefighter is entitled to compensation based strictly on his actual lost earnings. In Claimant's case, his compensation would have been based on an average weekly wage of $580, which is lower than the Statewide average. Instead, the legislature has guaranteed every volunteer firefighter a minimum amount of disability compensation. It did so to reward these individuals for their important service. It balanced this objec-

---

6. The types of classifications are: (1) classifications which implicate a "suspect" class or a fundamental right; (2) classifications implicating an "important" though not fundamental right or a "sensitive" classification; and (3) classifications which involve none of these. *Kramer*, 584 Pa. at 334, 883 A.2d at 533.

7. A statute bears a presumption of constitutionality and under a rational basis challenge, the party asserting the unconstitutionality of a statute bears a heavy burden to prove that the statute violates the constitution. *Department of Transportation v. McCafferty*, 563 Pa. 146, 155, 758 A.2d 1155, 1160 (2000).

8. Volunteers are not paid for their work, and "employees" covered by the Act are persons who are paid. The Act provides that "[t]he term 'employe,' as used in this act is declared to be synonymous with servant, and includes . . . all natural persons who perform services for another *for a valuable consideration* . . ." Section 104 of the Act, 77 P.S. § 22 (emphasis added).

9. Interestingly, the constitutionality of Section 601 has been challenged by an employer, who asserted that the irrebuttable presumption violated due process and over-compensated injured persons. *White Haven Borough v. Workmen's Compensation Appeal Board (Cunningham)*, 92 Pa.Cmwlth.123, 498 A.2d 1003 (1985). We disagreed, explaining that the presumption is

> No more than a computation device for providing . . . fair compensation for a public servant disabled by an injury suffered while serving as a volunteer in a hazardous occupation . . . [I]t has been an accepted legislative practice, approved by our Courts, to provide wage computation formulae which provide fair bases for wage computations.

*Id.* at 1005. We also observed that "[v]olunteer firemen have been specifically *favored* by the Legislature. . . ." *Id.* at 1006 (emphasis added).

tive with the well established principle that compensation should approximate lost earnings, but not exceed it. *Colpetzer v. Workers' Compensation Appeal Board (Standard Steel)*, 582 Pa. 295, 314, 870 A.2d 875, 887 (2005) (noting that the Act does not intend to overcompensate injured employees).

We cannot say that the Section 601 scheme violates equal protection. It rewards volunteer firefighters who perform a valuable service, and in doing so, removes a potential deterrent against citizens taking up this dangerous work on a volunteer basis. Encouraging volunteer firefighting is a public interest, and Section 601 advances that interest. Because it satisfies both prongs of the rational relationship test, it does not violate equal protection.

For these reasons, the decision of the Board is affirmed.

### ORDER

AND NOW, this 13th day of December, 2007, the order of the Workers' Compensation Appeal Board dated May 21, 2007, in the above captioned matter is hereby AFFIRMED.