**Rose WHITE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PITTSBURGH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 21, 2011.

Decided Dec. 29, 2011.

Lawrence R. Chaban, Pittsburgh, for petitioner.

Patrick A. Sheldon, Pittsburgh, for respondents City of Pittsburgh and UPMC Benefit Management Services, Inc.

Thomas C. Baumann and Douglas A. Williams, Pittsburgh, for amicus curiae Pennsylvania Association for Justice.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Rose White (Claimant) petitions for review from the March 24, 2011 order of the Workers' Compensation Appeal Board (Board) affirming the determination of a Workers' Compensation Judge (WCJ) denying and dismissing Claimant's petition to review her benefit offset. The issues before this Court are: 1) whether the "old age" offset provision provided for in Section 204(a) of the Workers' Compensation Act (Act)[1] violates Article I, Section 1 of the Pennsylvania Constitution[2] on the basis of age;[3] and 2) whether the City of Pittsburgh (Employer) met its burden of proving the source of benefits against which it took an offset pursuant to Section 204(a) of the Act. For the reasons that follow, we affirm the order of the Board.

Claimant sustained an injury in the course of her employment on November 2, 1996, and began receiving workers' compensation benefits. Employer filed a Notice of Workers' Compensation Benefit Offset (Notice of Offset) on August 27, 2007, notifying Claimant that as a result of her receipt of Social Security old age benefits, it would begin taking a 50% offset of

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71(a).

2. Pa. Const. art. I, § 1.

3. The Commonwealth Court heard arguments on this issue sitting *en banc* in *Caputo v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)* (No. 191 C.D. 2010 and No. 263 C.D.2010, argued September 13, 2011).

her Social Security benefits starting September 17, 2007. On October 25, 2007, Claimant filed a petition requesting review of the offset being taken by Employer. Claimant alleged that Employer was not entitled to an offset for 50% of the entire amount of her Social Security benefits because a portion of the amount she receives is a widow benefit attributable to her husband's earnings, or annual cost of living increases in her Social Security benefits.

A hearing was held before the WCJ and, on April 29, 2009, the WCJ issued an order denying Claimant's petition. The WCJ concluded that Employer established its entitlement to 50% of the entire amount of Claimant's Social Security benefits whether the benefits are based on Claimant's earnings or her increased benefit as a surviving spouse. The WCJ reasoned that there is nothing in the Act or in Section 123.7 of the Board's Regulations, 34 Pa. Code § 123.7,[4] that provides for reducing an offset by the amount of widow benefits or cost of living adjustments. The WCJ also determined that, even if the offset were based only on Claimant's earnings, there was nothing in the record indicating that Claimant's Social Security benefits increased when her husband died, nor a Certificate of Election from the Social Security Administration indicating that she elected to receive widow benefits.

■ Claimant appealed to the Board. The Board affirmed the WCJ's decision, noting that the WCJ had weighed the evidence of record and afforded more weight to the evidence supporting the conclusion that Employer met its burden of proof. Claimant appealed to this Court.[5]

■ Claimant argues that the old age benefit offset provided for in Section 204(a) of the Act violates the equal protection requirement of the Pennsylvania Constitution. Specifically, she contends it imposes an unequal burden on the indemnity benefits of a claimant solely on the basis of age because only old age Social Security benefits may be offset.[6] Further, she argues that the Section 204(a) offset distinguishes between claimants over the age of 62 or 65, depending on when the injured worker receives old age benefits, and claimants under the age of 62 or 65, who are not entitled to old age benefits. Finally, she contends that *Kramer v. Workers' Compensation Appeal Board (Rite Aid Corp.)*, 584 Pa. 309, 883 A.2d 518 (2005) can be distinguished from the case at bar because the severance offset is determined differently than the old age offset, and Social Security income is not wage loss replacement.

Section 204(a) of the Act states, in relevant part:

Fifty per centum of the benefits commonly characterized as old age' benefits under the Social Security Act (49 Stat. 620, 42 U.S.C. § 301 et seq.) shall also

---

4. The workers' compensation regulation governing Social Security old age offsets.

5. "This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, whether there has been a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence." *Maxim Crane Works v. Workers' Comp. Appeal Bd. (Solano)*, 931 A.2d 816, 817 n. 1 (Pa.Cmwlth. 2007).

6. Claimant lists in her brief other types of Social Security benefits not required to be offset pursuant to Section 204(a) of the Act including: wife's insurance benefits, husband's insurance benefits, child's insurance benefits, widow/widower's insurance benefits, mother's/father's insurance benefits, parents' insurance benefits, and disability insurance benefits. Cl. Br. at 11.

be credited against the amount of the payments made under sections 108 [7] and 306,[8] except for benefits payable under section 306(c): [9] Provided, however, That the Social Security offset shall not apply if old age Social Security benefits were received prior to the compensable injury.

77 P.S. § 71(a).[10]

▮ Article I, Section 1 of the Pennsylvania Constitution states: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." [11] Pa. Const. art. I, § 1. The basic principles governing an equal protection challenge are delineated in *Curtis v. Kline,* 542 Pa. 249, 666 A.2d 265 (1995):

> The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly. However, it does not require that all persons under all circumstances enjoy identical protection under the law. The right to equal protection under the law does not absolutely prohibit the Commonwealth from classifying individuals for the purpose of receiving different treatment, and does not require equal treatment of people having different needs. The prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications, provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation. In other words, a classification must rest upon some ground of difference which justifies the classification and has a fair and substantial relationship to the object of the legislation.

*Id.,* 542 Pa. at 254–55, 666 A.2d at 267–68 (citations omitted). "[I]t is well established that classification by age does not constitute a suspect classification." *Latella v. Unemployment Comp. Bd. of Review,* 74 Pa.Cmwlth. 14, 459 A.2d 464, 468 n. 8 (1983). Further,

> [c]lassifications that implicate an economic interest are subject to the rational relationship test.[12] The rational relationship test contains two elements:

---

7. 77 P.S. § 27.1 (relating to occupational diseases).

8. 77 P.S. § 511 (relating to the schedule of compensation for total disability).

9. 77 P.S. § 513 (relating to the schedule of compensation for specific loss).

10. Changes made to Section 204(a) of the Act, pertaining to the Social Security offset, apply only to claims for injuries occurring on or after June 24, 1996.

11. "Our Supreme Court has ruled that for purposes of equal protection claims the content of the Pennsylvania Constitution is not significantly different from that of the Federal Constitution." *Latella v. Unemployment Comp. Bd. of Review,* 74 Pa.Cmwlth. 14, 459 A.2d 464, 468 n. 7 (1983). The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution provides, in relevant part: "No State shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. "Thus, while federal and sister-state appellate decisions involving federal equal protection challenges to pension offset provisions similar to Pennsylvania's are not binding on us in a case involving the Pennsylvania Constitution, such decisions are particularly persuasive." *Latella,* 459 A.2d at 468 n. 7.

12. "The types of classifications are: (1) classifications which implicate a 'suspect' class or a fundamental right; (2) classifications implicating an 'important' though not fundamental right or a 'sensitive' classification; and (3) classifications which involve none of these. *Kramer,* 584 Pa. at 334, 883 A.2d at 533." *Ballerino,* 938 A.2d at 546 n. 6.

First, we determine whether the challenged statute seeks to promote any legitimate state interest or public value; and if so, we then determine whether the legislative classification is reasonably related to accomplishing that articulated state interest. [*Kramer*, 584 Pa. at 335, 883 A.2d at 534.] Under this deferential standard, Courts are 'free to hypothesize reasons why the legislature created the particular classification at issue....'
*Ballerino v. Workers' Comp. Appeal Bd. (Darby Borough)*, 938 A.2d 541, 545–46 (Pa.Cmwlth.2007) (citation omitted).

■■ In an equal protection case, the first step is to determine the classification created by the statute.[13] In the present case, Claimant argues that the "distinction with the 'old age' offset is between those who are 62 or older and who receive Social Security 'old age' benefits and those who are below age 62 who do not receive such benefits when both groups are entitled to workers' compensation disability benefits." Cl. Br. at 13. Employer argues that "Section 204(a) more accurately distinguishes between those workers who were receiving Social Security old age benefits at the time of the compensable injury and those who were not receiving Social Security old age benefits at the time of the compensable injury." Emp. Br. at 9. Employer's classification is more accurate than Claimant's. Social Security benefits are available starting as early as 62 years of age, but the current retirement age is 65, and can be as high as 67, depending on the subject individual's year of birth. Therefore, the statute distinguishes between those who begin receiving Social Security old age benefits before experiencing a work-related injury, and those who begin receiving old age benefits after experiencing a work-related injury. That distinction is not based on age, but upon the timing of work-related injuries in relation to specified Social Security benefits.

Relative to the first prong of the rational basis test concerning whether the challenged statute seeks to promote any legitimate state interest is met in this case. The Pennsylvania Supreme Court has stated:

> The general purpose of the Act is remedial in nature, as it is designed to compensate workers and their dependents who have suffered economic loss from work-related injuries. At the same time, however, the Act balances competing interests: while offering the prospect of certain recovery to workers irrespective of fault on the part of their employers, the Act also offers employers relative cost-certainty in the form of limited exposure in the event of a work injury. Reasonable workers' compensation cost containment for employers, and the concomitant competitive benefit such cost containment offers for Pennsylvania businesses, unquestionably is a legitimate state concern.

*Kramer*, 584 Pa. at 337, 883 A.2d at 535 (citations omitted).

Since there is a legitimate state interest, the Court must next determine whether the legislative classification is reasonably related to accomplishing that articulated state interest. It should be noted that it is not up to this Court to determine whether the statute at issue is the wisest or best way to accomplish the legitimate purpose; it is sufficient for the Court to determine whether the statute is a rational means to accomplish it. *See McCusker v. Workmen's Comp. Appeal Bd. (Rushton Mining*

13. "A statute bears a presumption of constitutionality and under a rational basis challenge, the party asserting the unconstitutionality of a statute bears a heavy burden to prove that the statute violates the constitution." *Ballerino*, 938 A.2d at 546 n. 7.

*Co.)*, 536 Pa. 380, 639 A.2d 776 (1994). In an unemployment compensation case with a similar issue, this Court recognized Social Security benefits as wage loss replacement income. *Latella.*[14] We find no reason why it should not also be recognized as such under the workers' compensation laws. Social Security old age benefits are not meant to be additional income to someone who is active in the workforce. It was developed as a social insurance program that would pay retired workers age 65 or older a continuing income after retirement.[15] In other words, Social Security benefits, in general, replace the wages of an employee who has retired. Hence, as in *Kramer*, where wage loss replacement income in the form of severance benefits was found to be rationally related to the legislative intent of the workers' compensation law, we hold that offsetting Social Security benefits by the percentage contributed by an employer is also rationally related to the purpose of the workers' compensation law. Therefore, we conclude that the "old age" offset provision under Section 204(a) of the Act does not violate Article I, Section 1 of the Pennsylvania Constitution on the basis of age.

In the alternative, Claimant argues that the Board erred by holding that Employer met its burden of proving the source of benefits against which it took an offset pursuant to Section 204(a) of the Act. Specifically, Claimant contends that the record clearly shows that she began receiving widow's Social Security benefits in addition to Social Security old age benefits in 2003 when her husband passed away.

As indicated previously, Section 204(a) of the Act provides for a 50% offset for Social Security old age benefits if the injury occurred prior to the claimant receiving Social Security benefits. Claimant was injured on December 2, 1996, and began receiving Social Security old age benefits in October of 1997. Reproduced Record (R.R.) at 10a, 37a. In April of 2003, Claimant's husband passed away. The Social Security Act[16] clearly distinguishes between old age benefits and widow's benefits. *See* 42 U.S.C. § 402(a), (e). Therefore, it follows that the offset allowed pursuant to Section 204(a) of the Act applies only to the portion of Social Security benefits available to a claimant under Section 402(a) of the Social Security Act, or old age benefits.

In the present case, Claimant provided documentation from the Social Security Administration detailing Claimant's current Social Security benefits. One document under Claimant's Social Security number specified monthly payments in the amount of $905.00. R.R. at 37a–38a. In a second document, dated the same day as the first, and under Claimant's and Claimant's husband's Social Security numbers, the monthly payments totaled $450.00. R.R. at 39a–40a. Employer is taking the offset on the monthly payment of $905.00, not the monthly payment of $450.00. R.R. at 52a. Clearly, based on the record, there is substantial evidence that Employ-

---

**14.** Unemployment compensation claimants argued that Section 404(d)(iii) of the Unemployment Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(d)(iii), denied them equal protection in violation of the Pennsylvania Constitution because, *inter alia*, it allows individuals receiving disqualifying pension income to be treated more harshly than individuals who receive non-disqualifying alternative income,

such as rents, royalties, dividends and UC benefits interest. *Latella.*

**15.** *See* Historical Background and Development of Social Security, http://www.ssa.gov/history/briefhistory3.html (last visited Nov. 30, 2011).

**16.** 42 U.S.C. §§ 301–1397mm.

er met its burden of proof as to the source of benefits against which it took an offset.

For the reasons stated above, the Board's order is affirmed.

## ORDER

AND NOW, this 29th day of December, 2011, the March 24, 2011 order of the Workers' Compensation Appeal Board is affirmed.