# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rachel Tipton,                          :
n/b/m Rachel Ohl,                       :
          Petitioner          :
                              :
          v.                 :   No. 165 C.D. 2015
                              :   Submitted: September 25, 2015
Workers' Compensation Appeal            :
Board (Pleasant Township),              :
          Respondent          :

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON          FILED: December 7, 2015

        Rachel Tipton, n/b/m, Rachel Ohl (Claimant), petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ) decision as to calculation of her wages as a volunteer fire fighter under Section 601 of the Workers' Compensation Act (Act).[1]  Claimant argues the Board erred in upholding the WCJ's calculation of her weekly compensation rate at two-thirds of the Statewide Average Weekly Wage (AWW).  She contends her benefits should be calculated using the highest AWW recognized in the year of her injury, which would raise her compensation rate.  Upon review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1031.  Section 601 was added by section 15 of the Act of December 5, 1974, P.L. 782.

## I. Background

Claimant worked for Pleasant Township (Employer) as a volunteer fire fighter. She sustained a work injury to her right shoulder on April 27, 2009, while she attempted to move a ladder. Claimant received compensation at the rate of $557.33 per week since the date of her injury.

Claimant filed a petition to review medical treatment. However, at the hearing before the WCJ, Claimant orally amended the petition to a review petition challenging the calculation of her compensation rate. She asserted she should receive compensation in the amount of $836.00 per week based on the highest Statewide AWW recognized in 2009. Claimant represented the highest Statewide AWW for 2009 was $1,254.00; however, she did not submit any evidence to support that representation. Employer responded that the Statewide AWW for 2009 was $836.00 per week, such that Claimant's compensation rate was correct.

The WCJ denied Claimant's review petition, determining Claimant's compensation rate was properly calculated based on the AWW of $836.00. The WCJ found the Statewide AWW used to calculate benefits for volunteer fire fighters was the same as the maximum compensation payable. WCJ Op., 12/17/12, Finding of Fact (F.F.) No. 6. As Claimant earned less than the Statewide AWW, she was entitled to use that AWW to calculate her compensation rate. F.F. No. 7. Thus, she received the proper compensation rate, equal to two-thirds of the Statewide AWW.

The Board affirmed the WCJ, reasoning the calculation of Claimant's benefits complied with Section 601 of the Act. Bd. Op., 1/27/15, at 2. Relying on Fearon v. Workers' Compensation Appeal Board (Borough of Ashland), 827 A.2d 539 (Pa. Cmwlth. 2003), it concluded Claimant was not entitled to receive the maximum compensation payable as her compensation rate. Her benefits were properly computed as two-thirds of the maximum compensation payable.

Claimant now petitions for review.[2]

## II. Discussion

On appeal,[3] Claimant argues the Board erred in interpreting Section 601 of the Act. Specifically, she asserts the Board confused the Statewide AWW with the compensation rate calculated based on that wage. Claimant contends the Statewide AWW is set at two-thirds of the highest AWW for the year 2009.

---

[2] When Claimant's brief did not conform to the Pennsylvania Rules of Appellate Procedure, and her amended brief was untimely, this Court dismissed her appeal. Claimant then filed a motion for reconsideration and an application to file a brief out of time. This Court granted the motion, thus reinstating her appeal.

Claimant also asked to consolidate this appeal with another appeal relating to Employer's modification petition, docketed at 741 C.D. 2015. As the matters involve different issues and the WCJ created separate records in each appeal, this Court denied her request.

[3] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011). However, as the determination of a claimant's average weekly wage is a question of law, our review is plenary. Borough of Heidelberg v. Workers' Comp. Appeal Bd. (Selva), 928 A.2d 1006 (Pa. 2007).

3

The legal issue before this Court is whether the "maximum compensation payable" is the same as the Statewide AWW. However, this appeal also presents the factual issue of the proper figure to use as the Statewide AWW.

As to the legal issue, we begin our review with the relevant provisions of the Act. First, we consider the meanings of "Statewide AWW" and the "maximum weekly compensation payable" as set forth in Sections 105.1[4] and 105.2[5] of the Act.

Section 105.1 states "'the Statewide [AWW]' … means that amount which shall be determined annually by the [Department of Labor and Industry (Department)] for each calendar year …." 77 P.S. §25.1. Initially, Section 105.2 of the Act provided the "maximum weekly compensation payable" means 66 ⅔% of the Statewide AWW. 77 P.S. §25.2. However, the provision continues "[e]ffective July 1, 1975, the terms 'the maximum weekly compensation payable' and 'the maximum compensation payable per week' as used in this [A]ct for injuries or death after the effective date of this amendatory act shall mean the Statewide [AWW] …" Id. (emphasis added).

"The purpose of the interpretation and construction of statutes is to ascertain and effectuate the legislature's intent." Chanceford Aviation Props., LLP v. Chanceford Twp. Bd. of Supervisors, 923 A.2d 1099, 1104 (Pa. 2007) (citing 1 Pa. C.S. §1921(a)). "Words and phrases [of a statute] shall be construed according to rules of grammar and according to their common and approved usage...." 1 Pa.

---

[4] Added by Act of March 29, 1972, P.L. 159, as amended, 77 P.S. §25.1.

[5] Added by Act of March 29, 1972, P.L. 159, as amended, 77 P.S. §25.2.

C.S. §1903(a). "When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent." Hannaberry HVAC v. Workers' Comp. Appeal Bd. (Snyder, Jr.), 834 A.2d 524, 531 (Pa. 2003) (citation omitted).

Section 601 of the Act affords compensation to volunteer fire fighters for injuries related to their volunteer work. Borough of Heidelberg v. Workers' Comp. Appeal Bd. (Selva), 894 A.2d 861, 866 (Pa. Cmwlth. 2006), aff'd, 928 A.2d 1006 (Pa. 2007) (recognizing the "public interest to provide a financial safeguard to the good citizens willing to volunteer their time and effort at some risk"). We explained the purpose of Section 601 as follows:

> First, most volunteers are not entitled to any compensation for a loss of earnings caused by an injury suffered in the course of volunteer work. Second, volunteer fire fighters are guaranteed a disability benefit based on the Statewide average. All other employees receive compensation based on their actual loss of earnings, which may be far less than the Statewide [AWW].

Ballerino v. Workers' Comp. Appeal Bd. (Darby Borough), 938 A.2d 541, 546-47 (Pa. Cmwlth. 2007) (citation omitted).

As volunteer fire fighters are unpaid, the Statewide AWW provides a basis for calculating their compensation. Under Section 601(b), "there is an irrebuttable presumption that [a fire fighter's] wages shall be at least equal to the Statewide [AWW] for the purpose of computing [her] compensation …." 77 P.S. §1031(b). Such compensation is computed under Section 306 of the Act as "sixty-six and two-thirds per centum of the wages" presumed. 77 P.S. §511.

5

Applying statutory construction principles to Section 105.2 of the Act, it is evident that the maximum compensation payable is the same as the Statewide AWW. Id.; Fearon; see 1 Pa. C.S. §1903. Additionally, in Fearon, this Court held the maximum compensation payable is equal to the Statewide AWW when calculating the applicable compensation rate for volunteer fire fighters.

Claimant argues the Board misapplied Fearon because the Statewide AWW is not the same as the maximum compensation payable. We disagree.

In Fearon, we held Section 601 of the Act provided an irrebuttable presumption that an injured fire fighter was entitled to wages at least equal to the Statewide AWW. There, the claimant, a volunteer fire fighter, also worked for another employer where she earned a wage higher than the Statewide AWW. The claimant earned an average of $586.04 per week in her employment, whereas the Statewide AWW was $561.00. The WCJ calculated the compensation rate as two-thirds of these wage amounts, and he selected the benefit computation most favorable to the claimant.[6] The claimant appealed, arguing the rate of $561.00 represented the amount of compensation payable without further reduction. She asserted "the actual Statewide [AWW] for the year 1998 was $841.50 ($841.50 x .666666 = $561.00)." Id. at 541. We specifically rejected the claimant's argument that the Statewide AWW and the maximum compensation rate "are not one and the same." Id. at 542. Thus, we upheld the WCJ's calculation of benefits as two-thirds of the claimant's actual AWW, which was higher than the Statewide AWW.

---

[6] The actual earnings of the volunteer claimant's regular employment are not to be considered concurrent employment earnings under Section 309(e) of the Act, 77 P.S. §582.

Here, Claimant makes the same legal argument we rejected in Fearon. The statute and interpretive case law are clear: the maximum compensation payable is the same amount as the Statewide AWW. 77 P.S. §25.2; Fearon. It is the same amount called different names when used for different purposes under the Act. On the one hand, it is called the Statewide AWW when, as here, the amount is used for further calculation of the benefits for a volunteer fire fighter pursuant to Section 601 of the Act. On the other hand, it is called the maximum weekly compensation payable "where the injured person enjoys a wage rate two-thirds of which would be higher than the Statewide [AWW]." Id. at 543 (quoting Walton v. Cooper Hosiery Co., 409 A.2d 518, 520 (Pa. Cmwlth. 1980)).

Factually, Claimant disputes the calculation of her benefits using the amount $836.00 as the Statewide AWW. Instead, she contends the amount of $836.00 corresponds to two-thirds of $1,254.00, which is the proper figure to use as the Statewide AWW. We disagree.

Claimant's argument is dependent on this Court's acceptance of her assertion that the Statewide AWW in 2009 was $1,254.00. In support, she relies on an attachment to her brief that purports to be a publication of the 2012 Statewide AWW by the Department on its website. See Pet'r's Br., Appendix B. The figure $1,254.00 appears once on the first page, in a chart for 2009, appearing to show the high end of a range for wages.

Absent context or evidentiary support, we decline to accept $1,254.00 as the Statewide AWW from which Claimant's compensation rate should be

7

calculated.  As it stands, there is no indication that Claimant submitted Appendix B to the WCJ, and it is not part of the certified record.  Therefore, it is not properly before this Court for consideration.  See Fearon (rejecting chart purportedly published by Department as it was not part of the certified record).[7]

In addition, the Department published a notice in the Pennsylvania Bulletin setting the maximum compensation payable amount for 2009.  See Pet'r's Br. at App. A; see also Fearon (utilizing amount published in the Pennsylvania Bulletin to determine Statewide AWW).  The notice states that the maximum compensation payable under Section 105.1 of the Act "shall be $836 per week for injuries occurring on or after January 1, 2009."  39 Pa. B. 379 (Jan. 17, 2009).

There is no dispute that Claimant's current compensation rate was calculated using the AWW of $836.00.  Claimant also acknowledges the maximum compensation payable for the year 2009 for an injured fire fighter is $836.00 per week.  Pet'r's Br. at 12.  As the maximum compensation payable is the same amount as the Statewide AWW, we are persuaded that $836.00 constitutes the accurate Statewide AWW for computing Claimant's benefits.

---

[7] Moreover, in reviewing the contents of Appendix B, it is unclear that the figure $1,254.00 corresponds to the proper Statewide AWW as Claimant avers.  In fact, the figure does not appear to relate to the Statewide AWW at all.  Rather, when reviewing the chart for 2009, it appears the figure may correspond to the high end of the range of wages from which the *average* wage is derived.  Relevant here, the top of the chart for 2009 states the maximum compensation is $836.00.  The same part of the chart for 2012 states the maximum as $888.00.  Significantly, that is also the amount announced as the Statewide AWW for 2012.  See App. B ("the [Department] has determined the statewide [AWW] for injuries occurring on and after Jan. 1, 2012, shall be $888.00 per week.").  Thus, contrary to Claimant's characterization, Appendix B reflects that the maximum is the same as the Statewide AWW.

Pursuant to Section 601, Claimant was entitled to compensation for the injury she sustained as a volunteer fire fighter. As she did not earn other wages, her compensation rate was calculated using the Statewide AWW of $836.00. Following the statutory formula, Claimant's benefits were properly calculated as 66 ⅔% of $836.00. 71 P.S. §511. Therefore, the Board did not err in holding Claimant's compensation rate was properly calculated at $557.33 per week.

### III. Conclusion

The Board properly construed Section 601 of the Act to set the Statewide AWW as the basis for calculating benefits for volunteers who would otherwise not receive compensation for their injuries. The Board also properly calculated the compensation rate using the Statewide AWW as the wage part of the formula. Accordingly, we affirm the Board.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rachel Tipton,                 :
n/b/m Rachel Ohl,             :
               Petitioner     :
                                 :
            v.                   :    No. 165 C.D. 2015
                                 :
Workers' Compensation Appeal     :
Board (Pleasant Township),        :
               Respondent    :

# O R D E R

**AND NOW**, this 7th day of December, 2015, the order of the Workers' Compensation Appeal Board is hereby **AFFIRMED**.

 

                          _____
                          ROBERT SIMPSON, Judge